### Henry Nussbaum v. United States Brewing Co.

1. NOTICE—*To Produce Books, etc.*—A notice served upon the opposite party in a suit to produce all the books, of whatever kind or character, and all documents and memoranda of every kind and character showing any dealings between the parties at any time, etc., is insufficient, as being too general.

2. SAME—*Requisites of, etc.*—A notice to produce books and papers must describe the books or papers intended, with at least sufficient particularity to enable the party notified to determine what is wanted.

**Assumpsit**, for goods sold and delivered. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed March 3, 1896.

MOSES, PAM & KENNEDY, attorneys for appellant.

WINSTON & MEAGHER, attorneys for appellee, (FREDERICK R. BABCOCK, of counsel,) contended that the notice should clearly specify what books and papers are wanted, and that they are pertinent to the issue. It would then appear from the record whether appellant had suffered by reason of the failure of the appellee to produce these books in court. First Nat. Bk. v. Mansfield, 48 Ill. 494.

A party has no right to have a general inquisitorial examination of all the books, papers and documents of his adversary, with a view to ascertain if, perchance, something can not be found which will possibly aid him. Hoyt v. The American Exchange Bank, 1 Duer (N. Y.) 652; Davis v. Dunham, 13 How. Pr. (N. Y.) 428; Walker v. The Granite Bank, 44 Barb. (N. Y.) 39.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a suit to recover the price of a set of saloon fixtures claimed to have been sold by the appellee to the appellant.

It was not denied that the fixtures were delivered by appellee to appellant, but it was contended that they were so delivered in exchange for a set owned by appellant, but which were not adapted to his uses.

Appellant's version, being corroborated by the circumstances that appellee was and for a long time had been a customer of appellee; that the fixtures in question were a second-hand set kept in store by appellee; that when they were delivered, the old set, owned by appellant, were taken away by appellee's agent, who brought the ones in question, and that appellee never made any claim or demand for compensation for them until after appellant ceased to buy his beer from the appellee corporation, strongly inclines us to view the judgment with much suspicion.

There was, however, so much positive evidence that the transaction was an express sale of the fixtures to appellant, we do not feel justified in disturbing the judgment based upon the verdict of a jury, unless for some error of law.

The first assigned error is that the court refused to admit in evidence the so-called " beer book," showing the account between the parties, and which, if admitted, it is claimed, would have shown a receipt in full by appellee on July 8, 1892, which was a date subsequent to the transaction in question.

The offer of the " beer book" was, as shown by the abstract, as follows :

" Defendant then offered in evidence book issued by the plaintiff company, showing entries made by it for beer purchased by the defendant from the plaintiff; also entries made by plaintiff showing the money paid out by the plaintiff for city licenses for defendant's saloon; and on the last page of the book the following: ' Paid in full, July 8, 1892, to the U. S. Brewing Co., Otto Spankuch, agent.' "

If admitted, we do not think the contents of the book would have been material to the issue that was involved. The fact that appellant had paid the appellee for everything stated therein, would not have tended to show that appellee had no claim on any other account against appellant.

It was not proved, and there was no offer to prove, that the book was the only one kept that showed transactions between the parties, if they had any other than such as were thereon shown.

The next assigned error calls in question the action of the court in holding that a notice to produce appellee's books and other memoranda was insufficient as a basis for the introduction of secondary evidence.

The material part of the notice was as follows :

" We shall also ask you to produce, to be used as evidence, all the books of whatever kind or character and any and all documents or memoranda of every kind and character of the United States Brewing Company, or of the Michael Brand Brewing Company, showing any dealings between the United States Brewing Co. and Henry Nussbaum, or between theMichael Brand Brewing Co. and Henry Nussbaum, at any time; and on your failure so to do, we shall introduce secondary evidence thereof."

Concerning such notice we need only to say that it is too general. It would be manifestly improper to permit counsel to call upon his adversary in such general terms, and then because some particular book or document were not produced, to be allowed to make secondary proof of its contents.

The notice should have described the book or paper intended with at least sufficient particularity to enable the other party to know what it was that was wanted. 1 Greenleaf on Evid., Sec. 562.

Under the notice, we think, the court did not err in refusing to admit secondary evidence.

We have examined the instructions with care, and find no sufficient justification in them for a reversal of the judgment, and therefore, with considerable reluctance as to the real merits, are obliged to affirm it.