S. A. FRAZIER, *Trustee*, v. THE EBENEZER BAPTIST CHURCH *et al.*

#### No. 10992.

1. EVIDENCE — *Written Instruments—Notice to Produce.* A notice given by a party to an action, requiring the adverse party to deliver a copy of an instrument or other writing whereon the action or defense is based, or which he intends to offer in evidence at the trial, should describe the writing demanded sufficiently to identify the same. A general notice for the delivery of all instruments or writings which the adverse party intends to offer in evidence is insufficient.

2. ——— *Confined to Pleadings.* The evidence must be confined to the issues made by the pleadings. ·

Error from Brown district court; R. M. EMERY, judge. Opinion filed April 8, 1899. Reversed.

*Jackson & Jackson*, for plaintiff in error.

*James Falloon*, and *B. F. Hudson*, for defendants in error.

The opinion of the court was delivered by

SMITH, J. : This action was brought in the district court by plaintiff in error, assignee of the Kansas Trust and Banking Company, against the defendants in error, the Ebenezer Baptist Church, of Atchison, and its trustees, to recover upon four bonds aggregating in amount $4000, with accrued interest, and to foreclose a mortgage on real estate given to secure the same, together with taxes paid. The amount secured by this mortgage was originally $4250, $250 having been paid. The answer of the defendant church and its trustees was as follows :

"*First.* That they deny each and every allegation, statement and averment in said petition contained, not hereinafter expressly admitted.

"*Second*. Said defendants admit that they executed the four notes or bonds, copies of which are attached to and made part of the petition herein; that it is a religious corporation duly organized under the laws of the state of Kansas, and that said Kansas Trust and Banking Company is duly incorporated under the laws of Kansas.

"*Third*. The said defendants allege that while they made and executed their notes to said The Kansas Trust and Banking Company for the aggregate sum of $4250, yet they received of said loan only the sum of $2200, being $2050 less than they should have received, the said defendant never receiving from said The Kansas Trust and Banking Company, or from the plaintiff, any valid and sufficient consideration for said sum of $2050, whereby there was a failure of consideration in the giving of said notes.

"*Fourth*. Said defendants for a further defense allege that they have paid to the said The Kansas Trust and Banking Company, and to the plaintiff, up to October 23, 1893, on account of the money so as aforesaid received, the full sum of $2944.14, which is in full payment of the principal sum actually received from said The Kansas Trust and Banking Company, and interest thereon as per contract.

"*Fifth*. The said defendants further allege that the said plaintiff ought not to have his said action against them because they say that said notes were given by said defendants to the said The Kansas Trust and Banking Company for the loan of $2200, and no more, and that said sum of $2050 was for commission and interest for five years at the rate of twenty per cent. per annum.

"Wherefore said defendants pray judgment that they may go hence without day, and have judgment for their costs herein laid out and expended."

A question of practice is raised by an objection made by plaintiff below to the introduction in evidence by defendants of a record showing the proceedings of the trustees of the church at a meeting held

three days before the execution of the mortgage, the resolutions having been prepared, as was claimed, by the attorney for the Kansas Trust and Banking Company, the assignor of the plaintiff below. Before the trial the plaintiff below served a written notice upon the attorneys for the church, the material part of which is as follows :

"Request is hereby made upon you and each of you, and you are hereby required to deliver to the plaintiff, or his attorneys, a copy of each and every deed, instrument or other writing whereon the defense of said The Ebenezer Baptist Church to said action is founded or which you intend to offer in evidence at the trial thereof ; and especially the receipts executed by or on behalf of the Kansas Trust and Banking Company for payments made on account of or for the said The Ebenezer Baptist Church on the bonds executed by it to the said The Kansas Trust and Banking Company and secured by mortgage sought to be foreclosed in the above-entitled cause and also all interest coupons to such bonds ; also the bank accounts, if any, and the items thereof, which you intend to offer in evidence on the trial of said cause, and also each and every other instrument or writing which you intend to offer in evidence on said trial."

The request was not complied with so far as the same relates to the document above mentioned. It was admitted in evidence, however, over the objection of the plaintiff below. The above demand for the delivery of copies of said documents was based upon section 381, of chapter 95, General Statutes of 1897 (Gen. Stat. 1889, ¶ 4464). The written request made no special mention of the paper admitted in evidence. The demand was too broad. The notice must specify the writings with reasonable certainty, so that the adverse party may be aware of what particular paper an inspection or copy is desired. (6 Encycl. Pl. & Pr. 797 ; Wade, Notice,

§ 1282.) Greenleaf says : "It must describe the writing demanded so as to leave no doubt that the party was aware of the particular instrument intended to be called for." (Greenleaf's Evid. [Lewis ed.], § 562.) Again, in Kinne's Pleading and Practice, section 428, it is said :

"Such notice shall be addressed to the party or his attorney, and be served on either of them, and should so fully describe the writing demanded as to identify the particular document desired. (*Olney v. Hatcliff*, 37 Hun, 286; *Rose v. King*, 5 S. & R. 241; *Jackling v. Edmonds*, 3 E. D. Smith, 539; *Railroad Co. v. Donaldson*, 2 Tex. App. sec. 241; *Nussbaum v. Brewing Co.*, 63 Ill. App. 35.)"

The case of *Kansas Ins. Co. v. Berry*, 8 Kan. 159, is cited as authorizing a demand as broad and general as that made by the plaintiff in error. We have examined the record in the case cited, and find that at the trial no objection was made to the form or scope of the notice served, and hence the question arising here was not suggested to the court. In the case at bar certain receipts were specifically mentioned with sufficient particularity in the notice, but the general statement including "every other instrument or writing which you intend to offer in evidence on said trial" does not specifically inform the opposite party of the nature of the document or paper an inspection of which was demanded.

The defendants in error were permitted to prove a demand made by them on the Kansas Trust and Banking Company for $1700 which had been retained by the banking company to pay a former mortgage on the property held by one R. M. Manley. The defendants in error claimed that the Kansas Trust and Banking Company, mortgagee, withheld about $1700, which should have been paid over to the church to be applied

on the salary of the Rev. William Smothers, the pastor; and that the banking company applied this amount to the satisfaction of a former mortgage debt held by Manley, which theretofore, in a prior suit against the church, had been adjudged to have been paid.   Upon the trial of the cause no controversy arose as to the application of the $4250 originally borrowed by the church from the Kansas Trust and Banking Company except as to the amount used in payment of said Manley mortgage, which the defendants below claimed had been wrongfully paid, and the said amount of money thus diverted instead of being applied to the payment of the pastor's salary.   The plaintiff below first objected to the proof offered, showing a demand by the church from the Kansas Trust and Banking Company for this $1700, and all through the trial insisted that the question of the application of this money to the Manley mortgage, as above stated, was incompetent under the pleadings and not within the issues in the case.

It will be noticed that the fifth paragraph of the answer alleges that the notes sued on were given by the church to the Kansas Trust and Banking Company for a loan of $2200, and no more, and that said sum of $2050 was for commission and interest for five years, at the rate of twenty per cent. per annum.   We think the evidence should have been confined to the issue so made by the pleadings.   The defendants below, at the trial, seemed to have wholly abandoned the defense set out in the fifth clause of the answer, and instead of attempting to show that the $2050 was for commission and usurious interest on the loan as alleged, by a wide departure therefrom, were permitted to show that a large portion of this sum was diverted by the bank to the payment of the Manley

mortgage.   The plaintiff below, by this departure, was compelled to meet a defense of the nature of which he had no information from the answer.   A party is bound by his pleadings.   (*Stone v. Young,* 4 Kan. 17 ; *Wright v. Bacheller,* 16 id. 259 ; *Bell v. Wright,* 31 id. 236, 1 Pac. 595.)

There is an allegation in the answer stating that the plaintiff below never received from the banking company any valid and sufficient consideration for the $2050 and that said church received $2050 less than it should have received ; but this general denial of want of consideration is modified and explained by the specific allegation that the said amount was withheld by the banking company for commission and usurious interest.   (*Wiley v. Keokuk,* 6 Kan. 94 ; *Bierer v. Fretz,* 32 id. 338, 4 Pac. 284.)

Because of the erroneous admission of evidence outside of the issues in the case as made by the pleadings, the judgment of the court will be reversed and a new trial ordered.