[Civ. No. 2175.   Third Appellate District.—February 5, 1921.]

## FRED HOFF, Respondent, v. THE LODI CANNING CO. (a ·Corporation), Appellant.

[1] SALE—PRICE PAYABLE FOR TOMATOES—CONSTRUCTION OF CONTRACT. Under a written contract between a grower of tomatoes and a canning company providing for the sale to the latter of all the tomatoes to be grown during the year and fixing the price at twelve dollars per ton, but also providing that "if Stockton or Sacramento price is more than twelve dollars buyer agrees to pay same advance," the price to be paid was a sum equal to the "going price" that should be paid at such places by canneries engaged in the same general business and the payment of twenty dollars per ton by such canneries was evidence of market value sufficient to justify a judgment based upon such sum.

APPEAL from a judgment of the Superior Court of San Joaquin County. J. A. Plummer, Judge. Affirmed.

The facts are stated in the opinion of the court.

Nutter, Hancock & Rutherford for Appellant.

Miller & Channell for Respondent.

BURNETT, J.—The action was to recover $2,704.73, the balance claimed to be due for a quantity of tomatoes sold by plaintiff to defendant. On February 11, 1918, the parties entered into a written contract providing for the sale and purchase of all the tomatoes to be grown that year by plaintiff and fixing the price at twelve dollars per ton, but the concluding clause of said agreement was: "If Stockton or Sacramento price is more than twelve dollars buyer agrees to pay same advance." Defendant in its answer claimed that prior to any delivery an oral agreement was entered into under the terms of which the purchase price was changed from twelve to fifteen dollars per ton. This was disputed by plaintiff, and it is admitted by appellant that, as to this issue, the evidence was conflicting, and since the court found in favor of respondent, the finding is binding upon this court. Appellant declares that "this leaves only one question to be determined, which is a construction of the last paragraph in the contract" quoted above, and that the appeal is based upon three propositions:

"First: that the price referred to in the contract meant 'market price,' and it was so understood by the parties to the agreement.

"Second: That the court should have found as a fact what the 'market price' of tomatoes was in Sacramento or Stockton in the season of 1918.

"Third: That no 'market price' in either of said cities was proven by plaintiff."

It is apparent that the said contract was somewhat uncertain in the reference to "Stockton or Sacramento price." As the sale of a large quantity of tomatoes was contemplated and as the canneries were the only purchasers under such circumstances, it is quite probable though that the

parties referred to the price that canneries in said cities would pay for tomatoes at any time within the season of 1918. There is no evidence of any parol agreement or understanding at the time of the execution of this contract as to the meaning of said expression, although subsequently, according to plaintiff's testimony, the officers of the company told him "that if any of the other canneries pays twenty dollars they will pay me twenty dollars." Other witnesses testified to the same effect. This may be regarded as some evidence, in addition to the language of the written instrument, that the parties contemplated the highest price that might be paid by the canneries in said cities. We may add that if any ambiguity exists in the use of said expression it should be resolved in favor of respondent, since the contract was prepared by appellant.

That twenty dollars a ton were paid by canneries in Stockton and Sacramento in the course of the season cannot be and, in fact, is not disputed. But granting that the parties contemplated the highest market price in said cities, then that situation is met by the evidence.

A. E. Davis, buyer for the California Packing Company, testified that he bought tomatoes in the market in Stockton; "all that I bought in the open market, or contracted, were paid for at the same price; but it may be possible I have been—I have been informed since there was one person that sold some to the cannery here at a less price, but I don't believe they were growers. Now, I don't know anything about that, I didn't buy them; all I bought was to be twenty dollars. I am the buyer and usually buy all those things."

Mr. C. E. Gibbs, Jr., buyer for the same corporation, at Sacramento, testified that twenty dollars a ton was the price they were paying in Sacramento during the season of 1918.

Mr. Kay Bellew, buyer for Libby, McNeil & Libby, testified that said firm also paid twenty dollars at Sacramento.

It is true that these corporations had contracts at a lower price, but they voluntarily advanced them to twenty dollars. Assuredly, the payment of that price by these large dealers was evidence of the market value and was sufficient to justify the court's conclusion:

[1] "That the price to be paid for merchantable tomatoes as provided by said contract and intended by the

parties thereto was a sum equal to the going price that
should be paid at Sacramento and Stockton canning com-
panies engaged in the same general business of canning
tomatoes in said places, it being the practice of companies
engaged in the business of canning tomatoes in said places,
to contract for tomatoes in a similar manner and that
the price and value of merchantable tomatoes in the cities
of Sacramento and Stockton . . . on and after the third
day of September, 1918, up to and including the ninth day
of November, 1918, was twenty dollars per ton of two
thousand pounds, and that defendant agreed to pay to
plaintiff for said tomatoes the sum of twenty dollars per
ton.''

The form of this finding is criticised by appellant in that
it is claimed the *''market* value'' is not declared. As to
this, the ''price and value'' would imply the value in
the market. Moreover, the finding must be construed as a
whole, and by reference to an earlier clause we observe that
the *price* had in view by the court is the *going* price. This
is the same as the market price. The terms ''market
price,'' ''current price,'' and ''going price'' mean sub-
stantially the same thing. It is simply a question of the
choice of expressions by various authorities. (*Kelsea* v.
*Haines,* 41 N. H. 246; *Sloan* v. *Baird,* 162 N. Y. 327, [56
Pac. 752]; *Barrett* v. *Schooner Wacousta,* 1 Flipp. (U. S.)
517, [Fed. Cas. No. 1050].)

The whole contest herein is really reducible to a question
simply involving a conflict of evidence and there is no war-
rant for us to interfere with the conclusion of the trial
court.

The judgment is, therefore, affirmed.

Prewett, P. J., *pro tem.,* and Hart, J., concurred.