HENRY H. ZEITLOW, *Appellee*, v. AUGUST ZEITLOW *et ux.*, *Appellants*.

No. 17.028.

SYLLABUS BY THE COURT.

1. DEEDS—*Delivery—Intention.* Deeds were executed by parents conveying land to their sons and a daughter, respectively, in pursuance of a previous understanding; the grantees expressed satisfaction with such deeds, and upon request of the grantors promised that they should not be recorded during the lifetime of the grantors, who reserved the rents during such period. It was then agreed that the deeds should be sent to a person named, to be by him held for the grantees until the death of the grantors. The officer before whom the deeds were executed was then directed by the grantors, in the presence of the grantees, to forward the deeds to the person named. The officer enclosed the deeds in an envelope which, for some unknown cause, he left in the room where they were executed, all the parties being still present. The further disposition of the deeds is unknown and they are lost. Each grantee took possession of the land conveyed to him and her respectively. It is *held:* (1) that a question of fact was presented whether there was a delivery of the deeds; (2) that if it was the intention of the grantors that the deeds when so executed and placed in the hands of the officer should take effect as present conveyances the jury were justified in finding that the deeds were delivered at that time.

2. ———— *Same.* Words, or acts, or both, showing an intention on the part of the grantors that a deed shall be considered as completely executed and that the title shall at that time be thereby conveyed from the grantors and immediately vested in the grantees are sufficient to show a delivery.

Appeal from McPherson district court. Opinion filed May 6, 1911. Affirmed.

STATEMENT.

Gotlieb Zeitlow was the father of Henry Zeitlow, the plaintiff, August Zeitlow, a defendant, and Albert Zeitlow and Lasetta Nelson. Sometime before the year 1902 he had conveyed to each of his sons eighty acres.

of land.. He still owned the home place of eighty acres in McPherson county, and another quarter section near by. Being advanced in years, he intended to convey to his daughter Lasetta the home place and to her and each of his sons forty acres of the quarter section. He and his wife then had a conversation with their children in which the particular forty acres that each was to have was designated, but no writing or memorandum was made. Henry, the plaintiff, planted in wheat that fall the tract designated as the one that he was to have. In October, 1902, Gotlieb Zeitlow and his wife went to Excelsior Springs, Mo., because of the illness of the wife, the daughter, Lasetta, accompanying them. In December following the three sons went to Excelsior Springs in response to a telegram from their parents, and the next day the parents and the four children had a conversation about the division of the quarter section. A justice of the peace was sent for, and papers were prepared, the nature of which is disputed, but upon conflicting evidence the jury found that four deeds were prepared, each deed purporting to convey a forty-acre tract to each son and the daughter. These deeds were duly executed and acknowledged by Gotlieb Zeitlow and wife, who agreed and directed that they should be sent to A. C. Spilman, McPherson, Kan., to be by him held until after the death of both grantors, and the deeds were then acknowledged, enclosed in an envelope and placed by the notary upon a dresser in the room, occupied by the grantors, where the deeds had been executed. It was not shown who took the deeds from that place or what became of them, but it was found that Gotlieb Zeitlow did not destroy them and they are lost. The jury were not requested to make any special finding that the deeds were or were not delivered. Evidence was offered tending to prove that the parents reserved rents of the land conveyed accruing during their lives, and at their request the children promised that the deeds should not

be recorded, the parents fearing that sales of the land might be made and that they would have trouble about the rents.   There was also evidence that the father told the justice of the peace who drew up the instruments that they were to be sent to Mr. Spilman for safe-keeping for his four children; and when the notary took the acknowledgment, the justice told him in the presence of all the parties that the deeds should be sent to McPherson and put in Mr. Spilman's hands for safe-keeping for the grantees, and this seems to have been the mutual understanding.   Albert Zeitlow testified that his father destroyed the papers written that day, but the father testified that he had not done so, but did not know what became of them.   The justice has since died, but his wife, who was present, and the plaintiff testified to the nature of the instruments. These witnesses were to some extent corroborated by others, and the jury, as we have seen, found that the papers were in fact deeds of conveyance.   Soon after these transactions the family returned to McPherson county.   The mother died in March, 1903.   On January 15, 1904, Gotlieb Zeitlow and his sons August and Albert caused other deeds to be made out purporting to convey the four forty-acre tracts to the several grantees according to the original understanding, and just as had been done by the deeds made at Excelsior Springs, reserving rents for the lifetime of the grantor. These deeds were executed and acknowledged by Gotlieb Zeitlow and delivered to each grantee, except the one made to the plaintiff which was left by the grantor with Mr. Spilman until called for.   Afterward the grantor called for and received that deed, and it was never delivered otherwise.   Each grantee had possession of the property which his deed purported to convey, from the time of the execution of the deeds in Excelsior Springs, except that in the summer of 1903, Gotlieb Zeitlow requested the plaintiff to let his brother August put in wheat the coming fall on the land so

held by the plaintiff, which request the plaintiff complied with, agreeing that August might have it until a certain other tract cultivated by him should be sold. That tract was sold in the year 1907, and the plaintiff then asked for possession. This was refused. Upon examination the plaintiff then found that August had placed upon record a conveyance of the tract in controversy from his father to himself, dated November 15, 1905. The plaintiff had no knowledge of the deeds made out in January, 1904, until after August refused to restore the possession. The evidence also tends to show that while so farming the land August referred to it as "Henry's forty." The mother was an educated woman and although quite ill appears to have taken an active part in the allotment of the land among her children, and there is no evidence that it was ever questioned by her or any other member of the family until after her death.

The petition includes a statement of a cause of action in ejectment in the usual form for the tract described in the deeds so made to the plaintiff, and in addition contains lengthy averments of the execution of the several deeds and the transactions connected therewith, and charges fraud against August Zeitlow in procuring the conveyance from his father of the lands claimed by the plaintiff. The jury returned a general verdict for the plaintiff, with special findings, and judgment was rendered in his favor. The defendants, August Zeitlow and his wife appeal.

*Frank O. Johnson,* for the appellants.

*G. F. Grattan, J. M. Grattan,* and *P. J. Galle,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: The substantial controversy is over the question of delivery of the deeds made at Excelsior Springs, Mo. The plaintiff claimed under both deeds—

the one made in Mr. Spilman's office as well as the one made in Missouri. The court instructed that if the jury found that either had been delivered the plaintiff should recover but that if neither was delivered he should not recover. The jury found that the deed left at Mr. Spilman's office was to be held by the custodian until "called for," without finding whether it was to be so held until called for by the grantor or grantee. The plaintiff relies mainly upon the deed made at Excelsior Springs, and so the vital question is whether the finding that that deed was delivered is supported by the evidence. The court correctly stated to the jury what constitutes a delivery substantially as declared by this court. (*Wuester v. Folin,* 60 Kan. 334; *Kelsa v. Graves,* 64 Kan. 777; *Doty v. Barker,* 78 Kan. 636.) The general verdict for the plaintiff embraces a finding that the deed was so delivered since that was a material fact in issue. (*Harmon v. Bowers,* 78 Kan. 135.) If it was the intention that the deeds when finally executed and placed in the envelope were to take effect as present conveyances, then the jury were justified in finding that they were delivered. Words, or acts, or both, showing an intention on the part of the grantors that a deed shall be considered as completely executed and that the title shall at that time be conveyed from the grantor and immediately vested in the grantee are sufficient to show delivery. (*Tucker v. Allen,* 16 Kan. 312; *Harmon v. Bowers,* supra; *Doty v. Barker,* supra; *Young v. McWilliams,* 75 Kan. 243; *Ruckman v. Ruckman,* 32 N. J. Eq. 259.) The reservation of rents, or use of the land, and the promise exacted from the children that they would not have the deeds recorded, thereby seeking to guard against trouble with purchasers concerning the rents, should the property be conveyed away, is an indication of an intention to pass the title. The agreement that the deeds should be deposited with Mr. Spilman until the death of the grantors indicated a purpose to further

safeguard the interest so reserved. At least it was a question for the jury whether that was the purpose of such deposit, or whether it was the intention to make the delivery to the custodian a condition upon which the title should pass. The evidence tends to show that the grantors did not retain any control over the deeds. The grantors directed the justice of the peace, in the presence of all the parties, to transmit the deeds to Mr. Spilman, and the justice in turn passed this direction on to the notary. Had this direction been followed the delivery to Mr. Spilman would have been sufficient, and possession being given, the title would have vested at once subject only to the reservation of rents. (*Bury v. Young,* 98 Cal. 446; *Nolan v. Otney,* 75 Kan. 311.) Other authorities are cited in notes appended to the report of the case last cited in 9 L. R. A., n. s., 317, and in 54 L. R. A. 865. No good reason is suggested why the same result would not follow notwithstanding the failure to transmit the instruments as directed if it was the intention that title should pass immediately, and the subsequent disposition or deposit was provided for merely to safeguard the interests of the parties. It was said in *Ruckman v. Ruckman,* 32 N. J. Eq. 259:

"Delivery may be effected by words without acts, or by acts without words, or by both acts and words. Whenever it appears that the contract or arrangement between the parties has been so far executed or completed that they must have understood that the grantor had devested himself of title, and that the grantee was invested with it, delivery will be considered complete, though the instrument itself still remains in the hands of the grantor." (p. 261.)

(See, also, *Ledgerwood v. Gault,* 70 Tenn. 643; *Standiford v. Standiford,* 97 Mo. 231; *Douglas et al. v. West,* 140 Ill. 455.)

It was for the jury to determine whether it was the intention that the title should pass when the actual deposit of the deeds should be made with Mr. Spilman, or whether it was intended that it should pass pres-

ently notwithstanding the further agreement for transmission and deposit. This was a question of fact, and the finding of the jury upon the evidence, which is found sufficient to sustain it, can not be disturbed.

The opinion in *Worth v. Butler,* 83 Kan. 513, is cited as being opposed to these views, but in that case the delivery depended upon undisputed facts, showing that no delivery had been made and leaving no room for any legitimate inference to the contrary—a situation entirely different from the one now under consideration.

The defendants requested several instructions relative to the Excelsior Springs deeds. So far as these requests embodied correct principles they were sufficiently embraced in the general charge of the court, which clearly stated the rules of law necessary for the information of the jury. Most of the instructions requested, however, declared in effect that the deeds were inoperative for want of delivery. But delivery, as already stated, was a question of fact for the jury.

Objection was made to the oral testimony relative to the proposed plan for division of the land, afterward consummated by the deeds. This evidence was properly received to show the intention of the parties and as part of the history of the transaction. Even if erroneously received, no prejudice resulted. Without separately discussing each of the assignments of error it is held that the petition stated a good cause of action; that the evidence was sufficient to sustain the verdict and special findings; and that no prejudicial error is shown.

The judgment is affirmed.