J. K. BREMYER, *Appellant,* v. THE SCHOOL ASSOCIATION OF THE SWEDISH EVANGELICAL MISSION CONFERENCE OF THE STATE OF KANSAS, *Appellee.*

No. 17,426.

SYLLABUS BY THE COURT.

1. DEED—*Delivery—Title—Intention—Evidence.* The passing of an executed deed into the hands of a grantee named therein does not constitute a delivery where it is the understanding and intention that the instrument shall not then become effective as a conveyance.

2. ——— *Same.* In a transfer of real property by deed it is essential that grantor and grantee shall understand that the conveyance is complete and that the title is to pass in order

to have the mere placing of it in the hands of a grantee, his attorney, or agent, construed as a complete delivery.

3. ———— *Same.* The evidence in the case is examined, and held to be sufficient to sustain the finding of the trial court that there was no delivery of the deed in question.

4. INSURANCE — *Loss — Mortgagee — Distribution of Insurance Money.* Where by the terms of a fire insurance policy it is stipulated that the loss, if any, shall be payable to the mortgagee, he becomes the beneficiary of the policy, and if a loss occurs while the debt is unpaid he alone is entitled to recover the insurance to the extent of his debt; and where the indemnity is paid by the insurance company in a draft made payable to the mortgagor and mortgagee jointly and the mortgagor offered to indorse the draft and have the mortgagee take from the proceeds the amount of the mortgage debt, and where the mortgagee refused to accept the amount of his indebtedness, but claimed that he was the owner of the insured property and was entitled to all the insurance money, which greatly exceeded the amount of the mortgage debt, he is not entitled to interest on the mortgage debt after the time he refused to accept the payment to which he was entitled.

Appeal from McPherson district court. Opinion filed March 9, 1912. Modified and affirmed.

*Frank L. Martin,* and *Alex S. Hendry,* for the appellant.

*G. F. Grattan,* and *J. M. Grattan,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The controversy between the parties to this proceeding is as to the ownership of certain moneys paid by insurance companies as indemnity for losses resulting from the burning of a building on mortgaged land.

The School Association of the Swedish Evangelical Mission Conference, appellee herein, purchased a twenty-one acre tract of land, and to secure a part of the purchase price, to wit, $5000, a mortgage had been given on three lots of the tract, upon which a building stood. Three insurance policies were taken out on the

building, which provided for indemnity amounting, in the aggregate, to $6500. The note and mortgage were assigned to J. K. Bremyer, the appellant herein, and there was a stipulation that the losses under the several policies should be paid to appellant as his interest might appear. Appellee was unable to pay the mortgage debt, and, after some negotiations, it was arranged that appellee should transfer and turn over the mortgaged property, and a little personal property, in satisfaction of the mortgage debt. Appellant agreed to take the propery for the debt if the title was clear. A deed was executed which appears to have been in the hands of appellant for a time, but when the abstract was presented it disclosed an unsatisfied judgment lien of $3600 against the property. This lien was not discharged, and appellant's mortgage was not released, nor was the deed executed by appellant recorded, when the fire occurred which destroyed the mortgaged building. The insurance companies issued drafts for the amounts named in each policy, which were made payable to appellee and appellant jointly.

Appellant claimed all the insurance money, $6500, as the owner of the property destroyed, while appellee insisted that it was the owner and that appellant was only a mortgagor and was entitled to no more than the mortgage debt with interest thereon up to the payment of the insurance policies. Appellee offered to join in signing and having the drafts cashed on the basis that appellant should have the amount due on his mortgage and that appellee should have the surplus, but appellant refused the offer and brought this action. The court found the issue in favor of appellee, holding that it owned the property and the fund, except so much as was necessary to pay the amount due appellant on his mortgage. It also found that appellee always admitted that appellant was entitled to be paid the mortgage debt and interest out of the insurance money and that it stood ready and willing to execute the necessary papers

to accomplish that end. In giving judgment the court allowed appellant the principal debt and interest on it until the judgment was rendered. Appellant appeals, contending that he was the owner and entitled to all the money, and appellee appeals and contends that the court erred in awarding appellant interest on the debt up to the rendition of the judgment and that interest should only have been allowed up to the time the money was actually paid by the insurance companies and when appellant was given an opportunity but refused to accept the amount of his debt.

Whether appellant was entitled to all the insurance money depends upon whether the contract of conveyance was consummated. He insists there was a delivery of the deed and a complete transfer of the property. The question of delivery is mainly one of intention, and to constitute a complete conveyance there must be a delivery with intention to divest title by the grantor and an assent and acceptance by the grantee. It is not absolutely necessary that there should be a manual delivery of the deed nor that it should be delivered to the grantee in person. (*Kelsa v. Graves,* 64 Kan. 777, 68 Pac. 607.) No formal delivery is essential nor is it necessary that the intention should be manifested by any particular form of expression, as any words or acts showing an intention to surrender control of the deed and convey title is sufficient to constitute delivery. (*Zeitlow v. Zeitlow,* 84 Kan. 713, 115 Pac. 573.) On the other hand, the fact that an executed conveyance has passed into the hand of a named grantee will not operate as a delivery if it was not done with the intent that it should become effective as a conveyance. "Like every other contract, there must be a meeting of the minds of the contracting parties—the one to sell and convey, and the other to purchase and receive—before the agreement is consummated." (*Curry v. Colburn and wife,* 99 Wis. 319, 320, 74 N. W. 778.) If the intention is that title is not to pass

until other things are done, such as the furnishing of an abstract showing good title, or the making of other assignments or transfers, there is no complete delivery until these conditions are satisfied. The mere taking of an instrument to an examiner of titles, or a holding of it while a search of the records for incumbrances is being made, is not a delivery when it is the understanding that the conveyance is not to be effective until these things are done and the title found to be clear. It is essential that both parties should understand that the conveyance is complete and that the title is to pass in order to have the mere placing of it in the hands of a grantee, his attorney, or agent, construed as a delivery. (*Jordan v. Davis et al.,* 108 Ill. 336; 3 Washb. on Real Prop., 6th ed., p. 265.)

It was necessary here to the delivery and legal operation of the deed that the appellant should have assented to the conveyance and accepted it as a present transfer of title. Now, it appears that it was agreed between the parties that appellee would convey the property to appellant for a release of the mortgage debt. The understanding of both parties was that appellant's acceptance of conveyance was upon the condition that the title was clear of other incumbrances than his own. In his pleading appellant alleged that it was understood and agreed that he was not to accept the deed unless the title was free and clear of other incumbrances. He further frankly pleaded that the adjuster of the insurance settled the amount of the loss after "having been fully informed of the state of the title and that the plaintiff (appellant) and the school association (appellee) had not completed the transfer of the title to the property." In his testimony appellant stated that he was never willing to take the property and cancel the note and mortgage unless he was given a clear title. It turned out that there was a lien on the property, and while the matter of the release of that lien was under discussion the fire occurred. Some

effort was made to secure a discharge of the lien, but it was unsuccessful, and there is testimony that appellant again declared that he would not accept the deed. Others testified that shortly after the fire he stated that he did not own the property and that the trade was not closed because the title to the property was not clear. When the fire occurred appellant stated to the agents of the insurance companies that he claimed as mortgagee, and that while there was a deal pending for a conveyance it had not been completed. It is true, as appellant contends, that if the deed had been delivered and the conveyance completed it could not be revoked and the title revested in appellee by oral agreement or a mere surrender of the deed. It was a fair question of fact, however, whether there ever had been an actual delivery of the deed, and while there was testimony tending to sustain the claim of appellant that there was a valid delivery there is abundant testimony to uphold the finding that the delivery was not complete and that title to the property was not transferred to appellant.

There remains a question as to the time to which interest should be allowed on the mortgage. In the drafts issued by the insurance companies both appellant and appellee were named as payees. The signatures of both were necessary to the cashing of the drafts. A fund was thereby clearly provided for the discharge of appellant's debt. Both parties proceeded on the theory that the debt was to be paid from this fund, but appellant insisted that he must have the whole of the fund, while appellee refused to give him more than the amount of the mortgage debt. They did offer to give him all that was due him on the note and mortgage and that was all that he was entitled to ask. The court specifically found that appellee desired that appellant should take what was due him, and that it stood ready all the time to sign the papers and pay the debt, but that appellant claimed the entire amount deposited by the insurance companies. He was the beneficiary of

the policies to the extent of the mortgage debt and the only one entitled to recover that money. Appellee offered to indorse the drafts and pay that amount, and when appellant declined to accept it no complaint was made as to the medium of payment, but his refusal was placed on the distinct ground that he was the owner of the insured property and was entitled to all the indemnity paid by the insurance companies. Having refused to accept payment under these circumstances, a formal tender of the money by appellee was waived and appellant is only entitled to interest on his note up to the time of his refusal to accept payment of the mortgage debt from the fund provided.

The case is remanded with directions to the court to modify the judgment by the allowance of interest on the debt to the time indicated, instead of to the time judgment was rendered, and when this is done the judgment so modified is affirmed.