No. 19,395.

W. N. RUST, *Appellee*, v. MINNIE A. RUTHERFORD et al., *Appellants*.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Answer—General Denial—Modified by Admissions —Demurrer to Answer Improperly Sustained.* An answer, containing a general denial modified by admissions, but which does not admit all the facts necessary for the plaintiff to prove in order to entitle him to recover, is good as against a demurrer.

2. SAME—*When Demurrer Should be Overruled.* A general demurrer to an answer containing several defenses should be overruled if either defense taken by itself, or if the answer as a whole, states matters which defeat the plaintiff's right to recover.

3. DEED—*To Take Effect at Grantor's Death—Effective Delivery.* A deed containing this provision: "This indenture to be in full force and effect from and after the date of my death. Provided, however, that the said parties of the second part pay all my funeral and other reasonable expenses, including a bill for medical services due Dr. W. S. Runkle," delivered by the grantor to a third person, with instructions that at the death of the grantor the deed should be placed on record for the grantees, is delivered so as to vest the title in the grantees.

Rust v. Rutherford.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed April 10, 1915. Reversed.

*Edgar Bennett,* and *Charles W. Clarke,* both of Washington, for the appellants.

*J. R. Hyland,* and *Charles Smith,* both of Washington, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to set aside a deed, and to quiet title, to certain real property. Judgment was rendered for the plaintiff upon a demurrer to the defendant's answer. The material parts of the petition are as follows:

"That the said plaintiff is the owner, in the fee simple, and is in the open, notorious, peaceable, and exclusive possession of the following described real estate, to-wit:

" 'Lots one (1), two (2), and three (3), (except sixty (60) feet off the north end thereof), in block numbered three (3), in the City of Washington, Washington County, State of Kansas.'

"That the said plaintiff derived his title to the said real estate by a good and sufficient administrator's deed, duly made, executed, acknowledged and delivered to him by one R. Vincent, administrator of the estate of Sarah A. Ayres, deceased. That the said real estate was formerly owned by the said Sarah A. Ayres, who died in Washington county, Kansas, on the 5th day of May 1911, the owner of the said real estate; that afterwards, and on the 17th day of August, 1911, the said R. Vincent was duly appointed and qualified as administrator of said estate; that afterwards it was found and ascertained by the said administrator that the personal property belonging to the said estate would be insufficient for the payment of debts of said estate, and a petition was filed and all heirs and interested parties, including the above named defendants, were duly and legally notified of the time and place of the hearing of the said petition to sell the said real estate for the payment of debts, and upon the said hearing before the probate court of Washington county, Kansas, it was

duly considered, ordered and adjudged by the said court that the said real estate be sold for the payment of debts, and the said real estate was duly sold by the said administrator as aforesaid to the said plaintiff, and an administrator's deed thereto executed and delivered to him as aforesaid, the said deed being dated the —— day of ————, 1911, and which was duly recorded in the office of register of deeds of Washington county, Kansas, on the 8th day of May, 1911, at 11 a. m., and duly recorded in Book 82, page 332, of the records of said office.

"Plaintiff further says that on the 20th day of May, 1908, the said Sarah Ayres executed a certain deed or conveyance purporting to convey the said real estate to the defendants herein, but that the said deed was not delivered to said defendants nor any one to be delivered to the said defendants during the lifetime of said Sarah Ayres, and that it was her desire and intention at the time of the execution of the said deed that the same should not be in force or take effect until after her death, and that the said instrument or deed was never delivered by the said Sarah Ayres to any one to be delivered to defendants either during her lifetime or after her death, but that after her death the party or parties having charge or custody of said deed, wrongfully permitted one of the said defendants to obtain possession of the said deed and to file the same for record in the office of the register of deeds of Washington county, Kansas, the said deed being filed for record in said office on the 27th day of February, A. D. 1912, at 5 p. m., and duly recorded in Book 84 of Deeds, page 244 thereof. A copy of the said deed is hereto attached, marked 'Exhibit, A,' and made a part of this petition. Plaintiff further says that the said defendants herein are all of the surviving heirs and the only surviving heirs-at-law of the said John Ayres, deceased, late of Washington county, Kansas, and that he died, intestate, in the said county and state.

"Plaintiff further says that the said Sarah Ayres died, intestate, in the said county, as aforesaid, and left very little personal property and a large amount of indebtedness, and that many of said debts were made and contracted on the supposition and belief that she was the owner of the said real estate which was all the real estate owned by her, and that the said real estate

was necessary to be sold for the payment of the said debts and that each of the said defendants herein had due notice of such sale and made no objection to same and that plaintiff knew nothing about said pretended deed and was an innocent purchaser at said sale, and that the said deed is fraudulent and void as to this plaintiff and as to the creditors of the estate of the said Sarah A. Ayres, deceased, and is fraudulent and void by reason of not being delivered to the said defendants during the lifetime of the grantor, or being delivered to some one with authority to deliver same to the said defendants after the death of said grantor, and for the further reason that the grantees named therein are indefinite and uncertain.

"Plaintiff further says there was no consideration for the said deed, and that no money was ever paid to the said grantor for same and nor was there any love or care manifested toward the said grantor by the said defendants, and that by reason thereof, there is a total failure of consideration for the said pretended deed."

Attached to this petition was a copy of the deed sought to be canceled, which contained this clause:

"This indenture to be in full force and effect from and after the date of my death. Provided, however, that the said parties of the second part pay all my funeral and other reasonable expenses, including a bill for medical services due Dr. W. S. Runkle."

This deed was a general warranty deed.

The answer, omitting the title and prayer, is as follows:

"And now comes the defendants in the above entitled cause and for their answer to the petition of the plaintiff filed herein, say that they deny each and every material statement, allegation and averment therein contained, except as is hereinafter expressly admitted.

"And for further defense the defendants say that they have a legal estate in fee simple, and the equitable estate in, and are entitled to the immediate possession of the following described land, to-wit: 'Lots numbered one (1), two (2) and three (3), (except sixty (60) feet off of the north end thereof), in block numbered three (3), in the City of Washington, Washington County, State of Kansas,' and that the plaintiff unlawfully keeps them out of possession thereof.

"Defendants further say that on the 20th day of May, 1908, by a good and sufficient warranty deed from one Sarah A. Ayers, now deceased, they obtained the legal title in fee simple and the equitable estate in and to the said lands aforesaid, which are described in the deed attached to and made a part of the plaintiff's petition, and ever since have been and now are the legal and equitable owners and holders thereof, and that the plaintiff claims as estate therein adverse to the said defendants.

"Defendants further say that on the 20th day of May, 1908, Sarah A. Ayers, now deceased, made and executed a good and sufficient warranty deed as aforesaid to these defendants, a true and correct copy of which is attached to and made a part of the plaintiff's petition, and delivered the same to Dr. W. S. Runkle with instructions that at the death of said Sarah A. Ayers, now deceased, said deed was to be by said W. S. Runkle placed of record in the office of the Register of Deeds of Washington County, Kansas, for the said defendants; that on or about the 5th day of May, 1911, said Sarah A. Ayers departed this life intestate; that after the death of said Sarah A. Ayers, deceased, said deed was on the 27th day of February, 1912, duly recorded in Book 84, on page 244, in the office of the said Register of Deeds of Washington County, Kansas, and ever since has remained, and now remains, of record.

"Defendants further say that after the death of said Sarah A. Ayers, deceased, one R. Vincent was by the Probate Court of Washington County, Kansas, duly appointed administrator of the estate of said Sarah A. Ayers, deceased; that afterwards, to-wit, on the 21st day of November, 1911, said administrator petitioned the said Probate Court for an order to sell the real estate of said Sarah A. Ayers, deceased, for the payment of debts, and that afterwards, to-wit, on the 12th day of January, 1912, the said Probate Court, of Washington County, Kansas, issued an order for the sale of the real estate belonging to the estate of said Sarah A. Ayers, deceased, and afterwards, to-wit, on the 23rd day of January, 1912, said administrator attempted to sell the property described in the deed attached to and made a part of plaintiff's petition, and executed and delivered to plaintiff, W. N. Rust, a pretended administrator's deed purporting to convey to said Rust said above mentioned and described property;

which said pretended administrator's deed was filed for record in the office of the Register of Deeds of Washington County, Kansas, on the 8th day of May, 1912, and duly recorded in Book 82, on page 332, where the same now remains of record; a copy of said pretended deed is hereto attached, marked exhibit 'A' and made a part of this answer. And that the order confirming the sale and for a deed to said premises was never entered upon the minutes of the Probate Court as required by law.

"Defendants further say that at the time of said pretended sale above mentioned, the said described property did not belong to the estate of said Sarah A. Ayers, deceased, the said estate had no interest therein, and said property was not subject to or liable for the payment of debts of said estate; that said action of the Probate Court in ordering the sale of the said property, and the action of said administrator in attempting to sell and dispose of said real estate, was wholly void and without authority of law.

"Defendants further say that said plaintiff, W. N. Rust, took the said pretended administrator's deed with full notice and knowledge of the said deed from Sarah A. Ayers, now deceased, to these defendants, and with full notice and knowledge of the fact that said estate had no interest therein.

"Defendants further say that under and by the terms of said warranty deed from the said Sarah A. Ayers, deceased, to these defendants, certain reservations were made and certain conditions were imposed upon these defendants, and that said defendants hereby accept said reservations, and offer to perform the said conditions by said deed imposed."

Attached to the answer is a copy of the administrator's deed.

To this answer a general demurrer was filed by the plaintiff and was sustained by the court.

This is the only question presented: Was the demurrer properly sustained? The demurrer was directed to the answer as an entirety. The answer consists of two parts: first, a general denial of the allegations of the petition, except as modified by the admission of the execution of the administrator's deed

under which the plaintiff claims; and second, affirmative matter to show title in defendants, and other affirmative matter to avoid the administrator's deed.

The first part of the answer, the denial, modified as indicated, puts in issue, among other matters set out in the petition, the following: first, the ownership and possession of the real estate by the plaintiff; second, the notice to the defendants of the application by the administrator to sell the real property; third, all the allegations of the petition to avoid the deed to the defendants; fourth, all allegations concerning indebtedness contracted on the faith of the title to the property in Sarah A. Ayres; fifth, the ownership of the real property in controversy by Sarah A. Ayres at the time of her death. Some of these things must be proved by the plaintiff, or he can not recover; others, if established in favor of the defendants, defeat the plaintiff. We are not saying anything about the burden of proof. We are expressing an opinion concerning the effect of the modified denial in this answer. We are of the opinion that the answer does state a defense to the petition. .

The only fact alleged in the petition and admitted in the answer is the execution of the administrator's deed, carrying with it *prima facie* evidence of, but not conclusively establishing, the necessary facts recited in the deed. Other than this, the denial was a general denial, making applicable what this court has said concerning the effect of a general denial, in an answer containing several defenses, as against a demurrer to the answer as a whole.

We quote from *Munn v. Taulman,* 1 Kan. 254, as follows:

"'Where an answer sets forth different grounds of defense, any one of which is good, the sustaining of a general demurrer thereto, that the answer does not set forth any defense to the action, is error." (Syl. ¶ 1.)

"The answer sets forth three grounds of defense, and the demurrer is general, that the answer does not set forth any defense to the action.

"If any of the grounds of defense are good, then the court erred in sustaining the demurrer." (p. 257.)

In *Flint v. Dulany,* 37 Kan. 332, 15 Pac. 208, this court said:

"An answer setting up several defenses, demurred to on the ground that it does not state facts sufficient to constitute a cause of action or a defense, will be held sufficient where the demurrer is not directed against any particular defense, and any one of the defenses alleged is good." (Syl. ¶ 1.)

(See, also, *Perkins v. Ermel,* 2 Kan. 325; *Krutz and Campbell v. Fisher,* 8 Kan. 90, 96; *Gilchrist v. Schmidling,* 12 Kan. 263, 269; *Ordway v. Cowles,* 45 Kan. 447, 448, 25 Pac. 862; *Paving Co. v. Botsford,* 56 Kan. 532, 541, 44 Pac. 3.)

The plaintiff, in effect, contends that the defenses set up in the answer depend for their validity on the delivery of the deed from Sarah A. Ayres to Minnie A. Rutherford and others, heirs of John Rutherford, deceased; that if there was no delivery of the deed, the answer, including the denial, is not good. In support of this several decisions of this court are cited, as follows: *Albert Wiley v. Keokuk,* 6 Kan. 94, 95; *Butler v. Kaulback,* 8 Kan. 668; *Yandle v. Crane,* 13 Kan. 344, 346; *Bierer v. Fretz,* 32 Kan. 329, 330, 4 Pac. 284; *Frazier v. Baptist Church,* 60 Kan. 404, 56 Pac. 752. *Butler v. Kaulback,* above cited (syl. ¶ 1) quotes and reaffirms the following principle declared in *Albert Wiley v. Keokuk,* supra:

"Whatever is admitted in a special defense operates, so far, as a modification of a 'general denial,' and is to be taken as true, without other proof." (Syl. ¶ 3.)

The principle contended for by the plaintiff is the rule that is applied to an answer when the cause is on trial, to prove the facts set up in the answer, but that rule is not applied when a general demurrer has been

filed against an answer containing two or more defenses. In *Butler v. Kaulback,* supra, in addition to the language above quoted, this court said:

"At common law each count in a pleading was considered as separate and distinct, and one count could not be benefited or injured by anything that might be stated in another count unless it was specifically referred to and made a part thereof. This is probably still the rule where a pleading is demurred to; but it is not now the rule, as decided in the case of *Wiley v. Keokuk,* 6 Kan. 94, when the case comes on for trial upon the evidence. On the trial of a cause, the general denial in an answer must be construed to be a denial only of all the material allegations of the petition not otherwise or elsewhere admitted in the answer." (p. 671.)

To the same effect is *Gilchrist v. Schmidling,* 12 Kan. 263, 269. Apply the principle here contended for by the plaintiff. Take the answer as one entire defense. Include the denial as a part thereof. Do this, and there is enough in the answer to defeat the plaintiff's recovery and compel judgment for the defendants.

Do the facts stated in the answer show a delivery of the deed from Sarah A. Ayres to "Minnie A. Rutherford et al." in this action? Both sides cite *Nolan v. Otney,* 75 Kan. 311, 89 Pac. 690. In that case the court said:

"Where an instrument, executed and placed in the hands of a third person to be delivered to the grantee on the death of the grantor, being otherwise in the form of an ordinary warranty deed, provides that it shall not take effect until the death of the grantor, such provision will, in the absence of some controlling reason to the contrary, be construed to mean that the title is to vest at once, only the enjoyment being postponed until the death of the grantor.

"The recital in such a deed that it is understood that the grantee is to care for the grantor during the remainder of his life is not inconsistent with such an interpretation." (Syl. ¶¶ 1, 2.)

Following *Nolan v. Otney,* supra, it seems reasonable to conclude that there was a delivery of the deed to the

defendants. (See 13 Cyc. 569.) What constitutes a sufficient delivery of a deed has been discussed in the following cases: *Burton and Shoemaker v. Boyd,* 7 Kan. 17, 31; *Tucker v. Allen,* 16 Kan. 312, 319; *Rohr v. Alexander,* 57 Kan. 381, 46 Pac. 699; *Wuester v. Folin,* 60 Kan. 334, 56 Pac. 490; *Durand v. Higgins,* 67 Kan. 110, 72 Pac. 567; *Doty v. Barker,* 78 Kan. 636, 97 Pac. 964; *Norton v. Collins,* 81 Kan. 33, 105 Pac. 26; *Zeitlow v. Zeitlow,* 84 Kan. 713, 115 Pac. 573; *Bremyer v. School Association,* 86 Kan. 644, 647, 122 Pac. 104; *Ross v. Perkins,* 93 Kan. 579, 144 Pac. 1004; *Thompson v. Thompson,* 94 Kan. 168, 146 Pac. 344; *Stumpff v. Kaechler,* ante, p. 106.

The modified denial contained in the answer stated a defense to the petition, and the remainder of the answer stated another defense. The demurrer should have been overruled. The judgment is reversed and the cause is remanded with instructions to overrule the demurrer to the answer.