No. 20,462.

OLIVER P. GIDEON, *Appellee*, V. PETER M. GIDEON and CLARA GIDEON, *Appellants*.

SYLLABUS BY THE COURT.

DEEDS — *Unconditional Delivery — Title Passes—When Deeds to Take Effect.* The rule is followed that when a grantor executes a deed and unconditionally delivers it to a third party for the benefit of the grantee, intending to divest title to and to part with all control over the instrument, such deed passes title, and that when the instrument provides that it shall not take effect until the death of the grantor this will ordinarily be construed to mean that the title vests at once, its enjoyment only to await the grantor's death; and the trial court's decision that the facts bring the case within such rule, *held*, proper.

Appeal from Sumner district court; OLIVER P. FULLER, judge. Opinion filed December 9, 1916. Affirmed.

*L. H. Finney*, of Wellington, for the appellants.

*E. L. Foulke, C. A. Matson, Jesse D. Wall*, all of Wichita, and *James Lawrence*, of Wellington, for the appellee.

The opinion of the court was delivered by

WEST, J.:   Malinda C. Gideon executed eight deeds covering eighty acres of land each to six of her daughters and two tracts of forty acres each to her two sons, Oliver and Peter. She left these deeds with her attorney with this writing:

"Eight deeds to my children of all my real estate have been this day executed by me and turned over and placed in the possession of W. T. McBride of Wellington, Kansas, to be by him turned over to the children whose names appear as grantees in the deeds respectively. The delivery of the deeds to Mr. McBride is for the said grantees respectively, but I desire to retain possession and control of the land and to receive the income and profits thereof during my life and the deeds are not to be turned over to the children until after my death."

The deeds were placed in an envelope and left with Judge McBride, the envelope being marked:

"Deeds of Malinda C. Gideon to her children left with Mr. W. T. McBride to be turned over to the children at her death. Deeds placed in this envelope and sealed in her presence this 18th June, 1910. W. T. McBride."

The daughters at different times secured the actual delivery and possession of their deeds, and Mrs. Gideon took back the deeds to the sons from Judge McBride and made a new one to defendant Peter Gideon for the entire eighty acres, which she delivered in person and which was recorded, the defendant giving back a life lease. At this time the plaintiff did not know that any deed to him had been made.

The plaintiff claims under the original deed to the forty acres, his theory being that the delivery to Judge McBride was a delivery to him and that the grantor had no right thereafter to withdraw the conveyance and disregard it. It is suggested that as the plaintiff did not know of the deed he can not be held to have accepted it, but the rule that one is presumed to accept a conveyance for his benefit so strongly announced in *Wuester v. Folin,* 60 Kan. 334, 56 Pac. 490, is sufficient on this point. It is the rule in this state that when a grantor executes a deed and unconditionally delivers it to a third party for the benefit of the grantee, intending to divest the title and to part with all control over the instrument, such deed passes title. (Syl. ¶ 2.)  In *Nolan v. Otney,* 75 Kan. 311, 89 Pac. 690, it was held that when the instrument provides

that it shall not take effect until the death of the grantor this will ordinarily be construed to mean that the title vests at once, its enjoyment only to await the grantor's death, and that this result is not avoided by prescribing that the custodian hold the instrument until certain conditions are complied with by the grantee. Various applications of these principles are found in the following decisions and cases cited therein: *Brady v. Fuller,* 78 Kan. 448, 96 Pac. 854; *Doty v. Barker,* 78 Kan. 636, 97 Pac. 964; *Zeitlow v. Zeitlow,* 84 Kan. 713, 115 Pac. 573; *Ross v. Perkins,* 93 Kan. 579, 144 Pac. 1004; *Stumpff v. Kaechler,* 95 Kan. 106, 147 Pac. 821; *Rust v. Rutherford,* 95 Kan. 152, 147 Pac. 805; *Withers v. Barnes,* 95 Kan. 798, 149 Pac. 691; *Elliott v. Hoffhine,* 97 Kan. 26, 154 Pac. 225; *Bruce v. Mathewson,* 97 Kan. 466, 155 Pac. 787.

While it appears that the grantor did take back the deeds from the custodian, and while she testified: "When I gave the deeds to McBride I still thought it was my land," she also testified that she did not intend to change the conveyance to Oliver.

"I intended when I gave the deeds to Judge McBride that he take care of them and that Oliver was to have the land. . . . I intended that Judge McBride would hold them until my death. I intended that Judge McBride would deliver the deeds any time most.

"Why did you take out the Oliver deed when you deeded to Peter? A. It was a mistake. I don't remember about it.

"Did you ever intend to make such a transaction? A. No, sir, I did n't."

The trial court, from all the evidence, found in favor of the plaintiff, and such conclusion finds fair support in the record and is in accord with the authorities.

Other matters are discussed which need not be considered, no material error being found therein, the pivotal point of the case being the question of delivery.

The judgment is affirmed.