No. 19,327.

W. L. MORRIS, *Appellee*, v. J. B. BLAZER, *Appellant*.

SYLLABUS BY THE COURT.

PAROL EVIDENCE—*Admissible to Show Deposit of Deed by Grantors.* The fact of the execution of a deed by a husband and wife, their deposit of the same, and other acts concerning it which are independent of its contents, may be shown by parol evidence.

Appeal from Anderson district court; CHARLES A. SMART, judge. Opinion filed November 6, 1915. Affirmed.

*Manford Schoonover, Charles W. Garrison,* and *Noah L. Bowman,* all of Garnett, for the appellant.

The opinion of the court was delivered by

PORTER, J.: Plaintiff rcovered a judgment for services as a real-estate agent. Defendant in his appeal suggests no substantial grounds for a reversal. There was a conflict in the evidence upon the question whether Kraft, the person produced by plaintiff, was ready, able, and willing to exchange farms on terms satisfactory to defendant. The court fairly instructed the jury upon all the issues and the jury determined the facts in plaintiff's favor.

It was conceded that the written contract for the exchange was void for the reason that it was not signed by Mrs. Kraft, and their farm consisted of a homestead. The arrangement between defendant and Kraft was that each should deposit his abstract and deed with E. W. Liggett, the agent of Kraft. Liggett was a witness, and over defendant's objection was permitted to testify that Kraft deposited with him a deed to his property and that Mrs. Kraft had joined in the deed. There was no error in the admission of this parol evidence. The contents of the deed were not in issue, nor was it the object of the evidence to establish a conveyance under the deed, but merely to show a compliance with the agreement to deposit the deed. The contents of the deed were only collaterally involved. In such a case it is held that the rule which requires the production of the instrument itself does not apply. (17 Cyc. 486; *Trimble v. Shaffer,* 3 G. Greene [Iowa], 233; *Tucker v. Welsh,*

17 Mass. 160, 164; *Uhl v. Moorhous, Treasurer of White County, et al.*, 137 Ind. 445, 37 N. E. 366.)

In the last case cited a witness was permitted to testify that he had made a deed to Alfred Reed, his wife joining therein. The Indiana court said in the opinion:

"We do not concur in the assertion that the matters so testified are of the contents of the deed. They are, each and all, acts independent of the deed, though as to the execution of a deed to Alfred Reed, the fact could have been proven, also, by the deed. In this respect the question does not differ from those cases holding that parol evidence is admissible to prove the payment of a written contract where a receipt has been executed; that an agent has been appointed, though the appointment is in writing; a birth or marriage, where there is a public record of the fact; that a dog has been registered for taxation, etc." (p. 446.)

Moreover, the defendant did not rely upon the fact that a deed in which Mrs. Kraft joined was not left with Liggett. His contention was that both Kraft and his wife had claimed subsequently that their signatures to the deed were obtained by fraud or mistake.

The court considered the verdict for $540 excessive, and required plaintiff to consent to a reduction to $300 or to a new trial. This was not error.

Judgment affirmed.