No. 19,970.

LODIE T. BRUCE, *Appellant,* v. WILLIAM MATHEWSON and MRS. WILLIAM MATHEWSON, *Appellees.*

SYLLABUS BY THE COURT.

DEED—*No Valid Delivery—Intention of Parties—Trial.* A finding of the trial court that a certain deed purporting to have been executed by a grantor to his wife and which was placed on record by her was not intended to be delivered and become effective as an absolute conveyance of title to the land, is *held* to be sufficiently sustained by the testimony; and further *held,* that no material error was committed in the trial of the case.

Appeal from Sedgwick district court, division No. 1; FRANK F. PRIGG, judge *pro tem.* Opinion filed March 11, 1916. Affirmed.

*R. L. Holmes, Charles G. Yankey,* and *W. E. Holmes,* all of Wichita, for the appellant.

*H. C. Sluss,* and *C. V. Ferguson,* both of Wichita, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by Lodie T. Bruce against William Mathewson and his wife to recover an undivided three-eighths interest in a tract of land near the city of Wichita, in which action she also asked for a share of the rents and profits, that the land be partitioned, and that

Bruce v. Mathewson.

she have her share, of certain money paid to the defendants by the city of Wichita under condemnation proceedings for part of the land taken by the city.

In answer to the petition the defendants alleged that the plaintiff is the daughter of one Caroline Mathewson, a former wife of defendant William Mathewson, and that the plaintiff's claim of title is based upon a deed purporting to convey the land to Caroline Mathewson, executed by William Mathewson in 1894 while the latter was engaged in a hazardous undertaking in New Mexico, but that it was the intention that the deed should take effect as a conveyance of the land only in case he should lose his life while in New Mexico; that the deed was never delivered to Caroline Mathewson; and that the only possession she ever had of the deed was holding it for Mathewson. Mathewson also claimed to be entitled to the entire estate by adverse possession for over fifteen years. The plaintiff's reply alleged that the deed was made for a valuable consideration, that it was duly executed and delivered to Caroline Mathewson and recorded, and that she was the owner of the property at the time of her death. It was further alleged that whatever possession defendant Mathewson may have had was not adverse to the rights of Caroline Mathewson and the plaintiff, and that his possession was as the agent and husband of Caroline Mathewson.

It appears that Elizabeth Mathewson was the first wife of William Mathewson, that she owned the land in controversy, and when she died, in 1884, William Mathewson inherited one-half of the same and each of their two children, Lucy E. and Alfred, W., inherited one-fourth of it. In 1886 Mathewson married Caroline Tarlton, a widow with two children, Richard B., and Lodie Tarlton the plaintiff herein, and Mathewson and Caroline lived together as husband and wife until her death in 1909. In 1901 Lucy Mathewson executed a deed in blank purporting to convey her one-fourth interest in the land and subsequently the name of Caroline Mathewson was written in the instrument as grantee, this being done without the consent of Lucy, she having stated that the deed was to be made to her father.

The case was tried by the court without a jury, and the main controversy which divided the parties was whether the deed

executed by Mathewson to his wife in 1894 was intended to be delivered as an absolute conveyance of the land. Mathewson testified that he had obtained and was executing a contract for carrying the United States mail through the Indian country in New Mexico and occupied in part by the Apache Indians, who were then on the warpath, and that he had prepared and signed the deed to his wife, which was not to be delivered unless he was killed by the Indians, but in case he never came back the deed was to be recorded and the land would belong to his wife. There had been correspondence between him and attorneys who had been acting for him and his wife in a number of business transactions. In a letter written in August, 1894, he stated to his attorney that his business was not successful, that he was owing his wife, he presumed, about eight thousand dollars, and suggested that she select such of his property as she desired, and for them to prepare and send to him a deed conveying the land selected by her and that he would execute it and forward it to Kansas. He added: "Out in this wild country a man is not sure of anything but death. This is why I desire to have everything fixed up in case there should anything happen to me." A deed was prepared and sent to him, which he executed in New Mexico, but he says that it was sent with a letter either to his attorneys or to his wife with an instruction to the effect that it was not to be recorded nor to take effect unless he was killed. This letter had been lost and secondary evidence of its contents was received. Mathewson testified that he did not owe his wife any money, that he never received any consideration for a transfer of the land, and that he never surrendered possession or control of it. The trial court found that Mathewson executed the deed and sent it with a letter written either to his lawyers or to his wife, that it was not to take effect unless he should die before his return home, and that he did not intend that the deed so forwarded should be delivered or become effective as a conveyance of title to his wife except on the happening of the contingency mentioned— that he should lose his life before his return home. The conclusion of law of the court was that the deed never became effective as a conveyance. There was a further holding that the instrument signed by Lucy to Caroline Mathewson, the validity of which was contested, had become effective through

the operation of the statute of limitations, and the plaintiff was therefore adjudged to be the owner of a one-eighth interest in the land.

An examination of the abstract shows that there is testimony which fairly supports the finding of the court. It is true that there is much in the correspondence and surrounding circumstances which strongly tends to uphold the theory of the plaintiff that it was the purpose of Mathewson to make an absolute conveyance of the land to his wife. Where the evidence is conflicting and the credibility of witnesses is involved, the finding of the trial court must control. If the evidence in behalf of the defendants, standing alone and considered apart from that offered by the plaintiff, is legally sufficient to support the finding of the trial court, the end of the inquiry on the disputed fact has been reached. That offered on behalf of the defendants, although contradicted, was believed by the trial court, and some of the circumstances in the case are confirmatory of it, and it supports the conclusion reached by the court. It was shown that subsequent to the execution of the deed, and after his return to Kansas, Mathewson continued in possession of the land, claiming it to be his own, and continued to claim and exercise rights of ownership while his wife was living and all the time from 1896 to the time of trial, a period of more than eighteen years. During this period he paid all of the taxes assessed against the property and made valuable and permanent improvements thereon with his own funds, and he appears to have appropriated as his own all of the proceeds of the products of the land. It also appears and was found that Caroline Mathewson at no time after the execution of the deed ever took possession of the land or asserted ownership of it and that the plaintiff never made any claim of right or interest in the land during all the years until about the time the action was begun.

There is some complaint that more elaborate findings were not made by the court, but those made appear to sufficiently cover the essential facts in the case.

Objection was made to the admission of testimony as to the delivery of the deed and that no consideration was paid for it. The primary question was whether there was a delivery of the instrument with the intention that it should transfer title to

the land. Before it could operate as a transfer of title there must have been an intention of the grantor that it should become effective as a present conveyance. Such intention is to be derived from the testimony as to the acts and words of the grantor relating to the execution and delivery of the deed and may be shown by parol. (*Doty v. Barker,* 78 Kan. 636, 97 Pac. 964; *Worth v. Butler,* 83 Kan. 513, 112 Pac. 111; *Morris v. Blazer,* 96 Kan. 466, 152 Pac. 767.) It having been found on sufficient testimony that the deed was never intended as a transfer of title and did not become effective, questions as to varying its terms by parol proof are not material.

Sufficient testimony was offered to show that the letter which accompanied the instrument signed by Mathewson was lost or beyond his reach and control, and therefore secondary evidence of its contents was admissible.

The exclusion of the files and records in a case of a bank against certain defendants, including Mathewson, wherein a judgment was rendered against defendants in 1896, and of a return made upon an execution issued in the case that no property could be found on which to levy, and an affidavit of garnishment in the action, was not material error.

The judgment of the district court is affirmed.