No. 21,609.

EVA DONALDSON, *Appellant*, V. JOHN BREWER, *Appellee*.

SYLLABUS BY THE COURT.

1. DEED—*Delivery—Intention—Finding.* On the question involved—Did the plaintiff herein deliver to the defendant a deed purporting to convey a tract of land with the intention that it should become effective as a present conveyance?—the trial court found that there was a delivery, and it is held that there is sufficient evidence to uphold the finding.

2. SAME—Where there is a complete delivery of a deed by the grantor, the fact that the grantee subsequently handed the instrument back to the grantor with the request that she should try to obtain the signature of another person who had an interest in the land, did not defeat the delivery already made nor operate as a surrender of the title transferred.

Appeal from Cheyenne district court; WILLIAM S. LANGMADE, judge. Opinion filed November 9, 1918. Affirmed.

*J. L. Finley,* of St. Francis, and *J. P. Noble,* of Oberlin, for the appellant.

*E. E. Kite,* of St. Francis, and *E. F. Murphy,* of Goodland, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to quiet title to a tract of land, in which judgment was given against the plaintiff, who appeals.

Eva Donaldson, the plaintiff, executed a deed purporting to convey a tract of land in Cheyenne county to the defendant, John Brewer, a half brother of the plaintiff, and whether or not there was a delivery of the instrument, is the question which divides the parties. The mother of the plaintiff, Mrs. Brewer, died owning personal property and real estate. Before her death she had arranged for the preparation of a will giving her personal property in equal shares to the plaintiff and defendant, her step-son, who had been residing with Mrs. Brewer, and also to give him the tract of real estate in question, but she died before the will was executed. The plaintiff, who was the only

heir of her mother, had been residing with her husband in Wyoming for two or three years before the death of her mother. The defendant, not being an heir of Mrs. Brewer, acquired no interest in her estate, but within a day or two after her mother's death, the plaintiff expressed a purpose to carry out the wish of her mother and proceeded to do so by transferring to the defendant one-half of the personal property. She also informed him that as it appeared to have been her mother's purpose to give him the tract of land involved, she would give effect to that purpose by a conveyance of the land to the defendant. Subsequently she procured a deed to be prepared, and afterwards executed it and formally acknowledged its execution. There is a dispute in the testimony as to the directions given by her to the scrivener in respect to the delivery of the deed. She testified that after signing it the instrument was left with the scrivener for some writing or indorsement thereon, and at the same time she discussed with him whether he should forward it to her husband in Wyoming for signature, or she should do so herself, telling him that her purpose was to transfer the land if her husband would give his consent to the transfer, and not otherwise. She testified that the defendant brought the instrument to her on the day it was executed, and shortly afterwards she sent it to her husband, who declined to sign it, and for that reason the deed had never been delivered. On the other hand, there is the testimony of several witnesses to the effect that the plaintiff, after executing the deed, directed the scrivener to deliver it to the defendant; that within a few hours afterwards she met the defendant on the street, and told him that the deed had been executed and was in the hands of the scrivener ready for him, and that he might go and get it. Within a few minutes after this information was given him, the defendant went to the office of the scrivener, and the deed was handed to him in accordance with the plaintiff's directions. There is testimony, too, that when the deed was prepared she did not request the scrivener to name her husband as one of the grantors or to provide for an acknowledgment of his signature, but that after the delivery of the deed, when defendant learned that the husband would still have an incohate interest in the land, he desired to obtain that interest, and procured the plaintiff to forward it

to her husband for his signature. This she did within a few days, but instead of signing it, he caused it to be burned.

We have here only a question of fact—Was there an unconditional delivery of the deed? As has been repeatedly decided, delivery is largely a matter of intention, and the test is: Did the grantor by her words and acts evidence an intention to part with control of the instrument, and regard it as a present, operative, and binding conveyance? (*Wuester v. Folin,* 60 Kan. 334, 56 Pac. 490; *Kelsa v. Graves,* 64 Kan. 777, 68 Pac. 607; *Doty v. Barker,* 78 Kan. 636, 97 Pac. 964; *Zeitlow v. Zeitlow,* 84 Kan. 713, 115 Pac. 573.) The evidence of the defendant, although contradicted, fairly tends to support that theory. If the plaintiff, when she caused the deed to be given to the defendant, intended to divest herself of title, the delivery was complete, and the fact that defendant afterwards handed it to her to obtain the signature of her husband, so as to accomplish a transfer of his interest, did not defeat the delivery made, nor operate as a surrender of the title she had transferred. (*Good v. Williams,* 81 Kan. 388, 105 Pac. 433; 13 Cyc. 563.) Plaintiff insists that as the transfer claimed by the defendant is a gift, the proof of delivery should be stronger and more convincing than in case of a purchase on a consideration. It is claimed by defendant that the payment of certain charges against the estate of Mrs. Brewer and the land, paid by him with the knowledge and consent of plaintiff, constituted a sufficient consideration; but, treating the transfer as a pure donation, it must still be held that the evidence was sufficient to support the finding and judgment of the court. Granting that a higher character of proof was necessary, it was the province of the court to determine whether it was sufficiently clear and convincing to prove a delivery of the gift. The fact that there was strong contradictory evidence cannot overthrow the finding of the trial court based, as we have seen, on evidence which of itself established the fact of delivery.

Judgment affirmed.