No. 31,430

John Hancock Mutual Life Insurance Company, *Appellant*, v. John T. Chinn (Oscar Chinn) et al., *Appellees*.

(28 P. 2d 761.)

Opinion filed January 27, 1934.

A. J. Lakin, Gilbert H. Frith, both of Emporia, William Barrett and George Barrett, both of Pratt, for the appellant.

William S. Hess, of Pratt, for the appellees.

The opinion of the court was delivered by

Dawson, J.: This is an appeal from a judgment in a suit to foreclose a mortgage which covered a 240-acre farm. Judgment was taken against the principal obligor, who was record title holder, but foreclosure was denied as to one eighty-acre tract of the farm because a son of the mortgagor, who occupied the farm at the time the mortgage was executed, held an unrecorded deed to eighty acres of the mortgaged premises.

It appears that in 1918 and for many years prior thereto the principal defendant, John T. Chinn, owned a 240-acre farm in Pratt county. On May 14, 1918, Chinn and wife executed a deed of general warranty conveying to certain of his children and grand-children specific parcels of this farm and other lands not involved herein. To his son Oscar Chinn, who was then his tenant on the farm of present concern, the deed conveyed title to eighty acres of it. By its terms, possession and life use of this farm and the other lands conveyed by the deed were reserved in behalf of the grantor's wife. This deed was placed in an envelope with the following notation thereon:

"This envelope contains a deed conveying lands and city property by John T. Chinn and wife, Lillie Chinn, to their children and certain grandchildren, subject to certain reservations in favor of Lillie Chinn. In case of the death of John T. Chinn, these papers herein contained shall be delivered to Lillie Chinn, if she be then alive and if the said Lillie Chinn be dead, then the papers shall be delivered to my oldest living child. (Signed) J. T. CHINN."

The grantor, John T. Chinn, handed the envelope and its contents to Oscar Chinn, who retained it until after his mother's death, and afterwards, without recording it, he delivered the envelope and deed to a trust company in Wichita which retained it until this lawsuit was instituted. Nobody outside the Chinn family and its Wichita custodian knew of its existence or contents. The grantor's wife died some time prior to November 16, 1926.

Notwithstanding this deed, in 1923 John T. Chinn mortgaged the farm to G. W. Hastings to secure a debt of $5,700. Again on November 16, 1926, John T. Chinn, the record title holder, executed a mortgage covering this 240-acre farm to the Warren Mortgage Company to secure a loan of $7,000, the proceeds of which were applied to pay off the Hastings mortgage. This later mortgage, which is the one with which we have to deal, was filed for record on November 29, 1926, and the Hastings mortgage was released two days later. On December 8, 1928, this mortgage and the $7,000 obligation for which it was security were assigned to plaintiff and the assignment was duly and timely recorded.

This mortgage fell due on January 1, 1932. Default had already occurred in respect to the payment of interest and taxes; and this action was begun to recover the principal and accrued interest, and taxes paid by plaintiff. The principal obligor, John T. Chinn, and other defendants failed to appear or answer, but Oscar Chinn, who

had been impleaded as a defendant, filed an answer in which he denied that the mortgage was a first and prior lien on a certain described eighty-acre tract of the farm covered by plaintiff's mortgage. In an amended answer this defendant, Oscar Chinn, again denied that plaintiff's mortgage covered the described eighty acres. He also pleaded the facts of the execution of the deed of 1918 by John T. Chinn and wife conveying this farm and other lands in specified parcels to various grantees and that the described parcel of eighty acres was thereby conveyed to him, Oscar Chinn; that this deed was delivered to him on May 14, 1918; and—

"Since the delivery of the said deed the defendant, Oscar Chinn, has been in open, notorious and continuous possession of said property and was in open, notorious and continuous possession of said property at the time the alleged mortgages and bonds, as set out by the plaintiff in its petition, were executed."

A photostatic copy of the deed was attached, and it was further alleged—

"The said Lillie Chinn, who held a life estate in the above premises, departed this life in the year 1923, the defendant herein is the owner in fee of the above-described 80 acres free and clear of all encumbrances, and is entitled to full possession."

Plaintiff filed a reply which was a general denial of the facts pleaded in Oscar Chinn's answer, and later filed an amended reply, reiterating its denial and also denying the execution and delivery of the deed described in defendant's amended answer.

A jury was waived; the cause was tried at length; a first lien on 160 acres of the farm was declared in favor of plaintiff and foreclosure was decreed thereon. The court found that as to eighty acres (described) of this farm, title was vested in Oscar Chinn and that he had been in possession of the eighty acres previous to and at the time of the execution and delivery of plaintiff's mortgage, and that Oscar Chinn held such possession by virtue of the unrecorded deed of 1918 executed by his parents. The court also found that John T. Chinn held a life interest in the eighty acres in dispute and decreed that that interest should likewise be foreclosed to satisfy the judgment awarded to plaintiff in this action, but it decreed that the remainder interest of the defendant, Oscar Chinn, was free from the lien of plaintiff's mortgage. Other details of the judgment and the rights and liabilities of other parties to the action are of no present concern.

Plaintiff appeals, raising various objections to the judgment, only one of which will require our attention. Was there a completed de-

livery of the deed of 1918 to Oscar Chinn prior to the execution of plaintiff's mortgage? The facts upon which that question necessarily turns are not in dispute. The envelope which inclosed the deed bore a notation signed by the grantor that *in case of his death* the papers (deed) were to be delivered to Lillie Chinn if she were then alive and if not they were to be delivered to his oldest living child. The significant and controlling direction of the notation was that delivery was only to occur in case of John T. Chinn's death. John T. Chinn is still alive. He did not intend that the deed should be delivered while he was alive, and his conduct throughout all the years which have followed has been consistent with that intention. He has exercised the same dominion over the land that he did before; he has twice mortgaged it, paid taxes and insurance on the property, collected rents, and indeed he has collected the equivalent of the customary rent on the eighty acres claimed by Oscar (although the latter swears it was for a debt and not for rent). Oscar's own testimony does not fairly indicate a completed delivery of the deed to him. He testified:

"I first saw the deed sometime in 1918, before my mother died, at my home. My father handed it to me in an envelope.

. . . . . . . . . . . . .

"Q. When did you first make any pretense or claim to take this property? A. After my mother died."

It is thus too plain for cavil that when plaintiff's father handed Oscar the envelope and deed in 1918 defendant himself did not consider that a completed and irrevocable delivery of the deed to him had been effected. Not until his mother's death five years later did he presume that he had any claim to the property founded on the deed of 1918; and nothing the grantor of the deed of 1918 did in 1923 or later completed any delivery of the deed to Oscar. On the contrary, the notation on the envelope plainly advised Oscar that it was to be delivered "in case of death of John T. Chinn." When that happens the delivery of the deed can be made to Oscar if he is the grantor's oldest living child, and not otherwise.

The other matters discussed in the briefs require no attention. The judgment is reversed and the cause remanded with instructions to set aside so much of its decree in foreclosure as excludes therefrom a remainder interest in eighty acres of the mortgaged property in favor of defendant Oscar Chinn.

It is so ordered.

HUTCHISON, J., not sitting.