No. 31,646

R. L. POTEET et al., *Appellees*, v. H. C. KNAPPENBERGER, Administrator, etc., et al., *Appellants*.

(31 P. 2d 1003.)

Opinion filed
May 5, 1934.

*Clark A. Wallace* and *Paul R. Wunsch*, both of Kingman, for the appellants.
*C. E. Branine* and *H. R. Branine*, both of Hutchinson, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The question in this case is whether the evidence disclosed delivery of a deed as a matter of law, the district court having found as a fact that the deed was not delivered.

The deed was that of Micia Brown to her husband, Luther Brown, dated September 9, 1925, and acknowledged by the grantor before Charles P. Cook, notary public. Cook gave the following testimony touching the subjects of signature, acknowledgment, and delivery of the deed:

"Some time after making his will and in the latter part of 1924, Luther Brown asked me to write up a deed conveying the farm where he lived to his wife, Micia Brown. I prepared such deed, and Mr. Brown executed and acknowledged it before me as a notary public, and I think this deed was recorded. (November 24, 1925.) Both Mr. and Mrs. Brown were present at the time this deed was made. At that time Mr. Brown stated to me that he wanted his wife to have this land, and wished to execute the deed so as to give her the title to the land.

"In the fall of 1925, Mr. and Mrs. Luther Brown came to me at my office in the Farmers National Bank at Penalosa, Kan., and asked me to write up a deed from Micia Brown to Luther Brown, for the land which Luther Brown had conveyed to his wife by the deed from him to his wife, mentioned above. They told me that Mrs. Brown had been sick shortly before that time, and that, as she owned and held the title to the land, they wanted to fix a deed so that in case she should die before her husband it could be used to give Mr. Brown title to the land. Both Mr. and Mrs. Brown said they wished to leave this land remain as it then was in the name of Micia Brown and to be hers, unless her death should occur before the death of Mr. Brown. I prepared a

deed with Micia Brown grantor and Luther Brown grantee, describing the land, and Mrs. Brown signed and acknowledged the deed before me as a notary public. When this deed was executed, both Mr. and Mrs. Brown stated that the deed should be left in the bank, and not delivered or take effect unless Mrs. Brown should die before her husband, and that the deed should not be used except in that case.

"Mr. Brown had a box in the bank vault which was in his name, and he and Mrs. Brown stated that the deed should be placed in that box, and held and kept to be delivered and used only in case of the death of Mrs. Brown before the death of Mr. Brown. The deed was placed in such box, and remained there, I think, during the time that I continued as cashier of the bank. It required two keys to open this bank box. When the box was arranged for by Mr. Brown, he was given one of the keys and the other was retained by the bank. Mr. Brown had this box for a long time prior to the execution of this deed by Micia Brown, and continued to retain the box until I left the bank. Both Luther Brown and his wife, Micia Brown, had access to this box, and whichever one of them came with the key was permitted by the bank officers to open and use the box.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"At the time the deed was executed by Micia Brown to her husband, Luther Brown, Mr. and Mrs. Brown talked with me quite a little, and explained to me that they wished to have this deed executed for the reason that Mrs. Brown owned and had title to the land and, in case she should die before Mr. Brown, they wanted him to have the land. They stated the deed should be placed in the safety-deposit box unrecorded, and used only in the event that Micia Brown died before Luther Brown. They mentioned to me in this conversation that Mrs. Brown had recently had some sickness, which caused them to think about arranging the title to this land so that, in case she died first, Mr. Brown would take the land; and they asked that I make them a deed from Micia to Luther, to be placed in their safety-deposit box, to be used only in the event that Micia died first."

There was some conflict in the testimony relating to the matter of joint access to the safety-deposit box, which is not important. Otherwise, Cook's testimony is accepted by all parties to the action.

Luther Brown died testate on February 6, 1932. Brown's administrator found the deed among Brown's papers, and recorded it. Mrs. Brown lived until July 17, 1932, when she died intestate. The journal entry of judgment reads as follows:

"The court  .  .  .  finds  .  .  .  that there was no valid or legal delivery of the deed  .  .  .  that said deed was a nullity as a conveyance, and that said deed and the record thereof should be canceled and set aside;  .  .  ."

Judgment was rendered accordingly. The judgment was in favor of plaintiffs in the action, and defendants appeal. It is not necessary to state the relationship of the parties to the action to the Browns.

The judgment was in accord with the settled law of this state, that the passing of a signed and acknowledged warranty deed into the hands of the grantee does not constitute delivery, unless the intention was that the instrument should then become effective as a conveyance. (*Bremyer v. School Association*, 86 Kan. 644, 122 Pac. 104; *Ross v. Perkins*, 93 Kan. 579, 144 Pac. 1004; *Bruce v. Mathewson*, 97 Kan. 466, 155 Pac. 787; *Donaldson v. Brewer*, 103 Kan. 690, 175 Pac. 968; *John Hancock Mut. Life Ins. Co. v. Chinn*, 138 Kan. 804, 28 P. 2d 761.)

Defendants make the following contentions:

"1. There was a delivery of the deed pleaded and proved for one purpose; therefore, as a matter of law there was a valid delivery for every purpose.

"2. There was an attempted escrow delivery to the grantee and, therefore, as a matter of law a general delivery and then present passing of title."

The trouble with the first proposition is, it assumes what was to be proved, namely, delivery. Putting a paper in form a signed and acknowledged warranty deed in somebody's hands, is not delivery. The intention with which the act is done is just as vital to delivery as the act itself. Unless the act is accompanied by an intention the act shall effectuate a present passing of title, there is no delivery in the legal sense of the term, whatever the popular notion may be.

There was no duality of purpose in the arrangement for preservation of the paper somewhere or by somebody for some time. Whether the paper was to become operative as a conveyance of land depended on a future event. Until the event occurred, the paper was simply a thing which might or might not become a conveyance, and it was preserved for one purpose only—to see what happened. There was no more purpose that the land should presently or ultimately become Brown's than there was that Mrs. Brown should keep the land, and because there was no purpose the paper should accomplish anything by way of conveyance before the contingency occurred on which effectiveness as a conveyance depended, there was no delivery.

The second proposition merely confuses the question by verbiage, "escrow delivery," and "general delivery." The brief in support of the proposition marshals the authorities that a deed may not be delivered by a grantor to the grantee as an escrow. For an instrument to become an escrow, a depositary must be interposed between grantor and grantee, and delivery to the grantee directly operates

a·delivery free of condition. This simply takes us back to the question, when is a deed delivered? Letting the possible grantee keep the mutual paper in his desk or vault or safety-deposit box until an uncertain future event occurs which shall determine whether the paper will become something or nothing, is not a "deposit" or "delivery" or any other kind of act which makes the paper immediately effective in spite of the contingency.

The court regards the rule in force in this state as sound. It is abundantly supported by authority. In any event it is a rule of property, and the basis of the rule will not be reëxamined in as clear a case of nondelivery as this one.

The judgment of the district court is affirmed.