No. 32,548

Mrs. S. A. Mundell, *Appellee*, v. Nellie I. Franse and John Franse, *Appellants*.

(53 P. 2d 811)

Opinion filed January 25, 1936.

*Harry C. Blaker,* of Pleasanton, for the appellants.
*Karl V. Shawver,* of Paola, for the appellee.

The opinion of the court was delivered by

Wedell, J.: This was a suit to cancel a deed, quiet title and for an accounting. Plaintiff prevailed, and defendants appeal.

Appellants' contentions are, the trial court erred in overruling their demurrer to the amended petition, their motion for judgment on the opening statement and in rendering judgment for appellee.

The first two complaints are not available to appellants. The record before us discloses no opening statement, motion for judgment or ruling thereon. The same is true concerning the alleged demurrer to the amended petition. It may be further stated the

motion for new trial does not specifically raise either of these questions, and the record before us discloses no ruling on the motion for new trial. The notice of appeal in no way refers to any of these alleged errors. It shows on its face the appeal was from only the judgment, order and decision rendered on the 12th day of April, 1935. The final journal entry of judgment of April 12, 1935, is completely silent as to any demurrer to the amended petition and the above motion. It therefore follows there was no appeal from either. (R. S. 60-3101, 60-3103 and 60-3306; *Dolan Mercantile Co. v. Wholesale Grocery Subscribers*, 131 Kan. 374, 291 Pac. 935.)

True, where on the face of a pleading it appears the cause is barred by the statute of limitations, that question is properly raised by demurrer. (*Norton v. Montgomery County*, 109 Kan. 559, 199 Pac. 388; *Kansas State Bank v. Shaible*, 118 Kan. 73, 234 Pac. 40.) The final journal entry of judgment discloses the court considered the question of the statute of limitations after the introduction of evidence. Such consideration was proper as the answer pleaded the statute of limitations. It will therefore receive consideration here as a part of the answer to the amended petition. We therefore now have before us the question of the statute of limitations and the sufficiency of competent evidence to uphold the judgment.

Appellants' contention is the suit is predicated on fraud and therefore barred by the two-year statute of limitations. (R. S. 60-306.) The deed was executed and acknowledged on the 23d day of May, 1929. Appellant, Nellie I. Franse, took it from the home of her mother against the mother's wishes and request, about January 28, 1931. It was recorded January 30, 1931. The mother leased the land from 1929 to 1933, inclusive, and collected the landlord's part of the crops and rents during those years. The mother learned about the recording of the deed about one month after it was recorded. As above stated, however, she continued to exercise rights of ownership and possession. Appellants took charge of the eighty in question and leased it for the farm year of 1934, and kept all of the rent and had the use of it for the year 1934. This suit was commenced September 26, 1934, to set aside the deed and recover the 1934 rents.

The original petition was predicated on the theory of no consideration, no delivery of deed, hence no transfer of title, and that appellee was entitled to have the cloud removed from her title. Appellee had the right to try the case on her own theory and stand or fall on that theory. The petition was sufficient on her theory. Ap-

pellants filed a motion to make the petition more definite and certain by stating the facts and circumstances under which the deed was placed in appellee's possession in the bank. The motion was clearly calculated to get appellee to plead fraud and thereby make the two-year statute applicable on appellants' theory of fraud. The motion was sustained and appellee was obliged to amend. Appellants say they then demurred to the petition. The alleged demurrer has received previous consideration, and reiteration of that subject is unnecessary. It is the contention of appellee the fifteen-year statute of limitation applies. (R. S. 60-304, subdiv. 4.)

The trial court made findings of fact and conclusions of law. The pertinent features thereof are, there was no intent to deliver disclosed by act or word, the intent on the contrary was not to deliver; there was no delivery, hence the deed did not operate as a transfer of title. The deed was declared null and void, was canceled and set aside. The judgment decreed appellee was still the owner of the fee title. She was granted exclusive possession and judgment was rendered in her favor for the 1934 rents, which were fixed at the fair and reasonable value of $80.

Appellants do not challenge the findings of fact as unsupported by any evidence. The contention is there was not *sufficient* competent evidence. There was sharp conflict of evidence. Where the evidence is conflicting and credibility of the witnesses is involved, the finding of the trial court must, of course, control. (*Bruce v. Mathewson*, 97 Kan. 466, 155 Pac. 787.) Appellants, however, contend the evidence was not of the clear, convincing, conclusive and satisfactory character required in cases of this nature. The trial court thought otherwise. The evidence before the trial court was not only sufficient but most convincing and compelling.

We are therefore confronted with the adjudicated facts there was no intent to deliver the deed, there was no delivery, and it did not operate as a transfer of title. In the case of *Bruce v. Mathewson*, 97 Kan. 466, 155 Pac. 787, this court said:

"A finding of the trial court that a certain deed purporting to have been executed by a grantor to his wife and which was placed on record by her was not intended to be delivered and become effective as an absolute conveyance of title to the land, is held to be sufficiently sustained by the testimony; . . ." (Syl.)

In the course of that opinion this court further said:

"Before it could operate as a transfer of title there must have been an intention of the grantor that it should become effective as a present convey-

ance. Such intention is to be derived from the testimony as to the acts and words of the grantor relating to the execution and delivery of the deed and may be shown by parol." (p. 470.)

Appellants rely strongly on the decision of this court in *Foy v. Greenwade,* 111 Kan. 111, 206 Pac. 332. In that case there was delivery of the deed. It is absent here. In the body of the opinion of that case, however, is found the precise distinction which is fundamental and important here. It reads:

"Very well, let us concede that he parted with it through fraud. Then he needed some relief; he needed the relief furnished by the statute, and the relief must be invoked according to the statute. The statute says two years is the limitation for an action for relief on the ground of fraud. Plaintiff has waited seven years—on the theory, perhaps, that he has fifteen years. He would have fifteen years if he had given no title; but having given title, he does not have fifteen years to get rid of his conveyance; he only has such time as the statute allows—two years." (p. 118.)

In the instant case appellee gave no title.

Appellants also rely on the decisions in *New v. Smith,* 86 Kan. 1, 119 Pac. 380, and *Pinkerton v. Pinkerton,* 122 Kan. 131, 251 Pac. 416. In both of those cases there was delivery of the deed. Much stress is laid on the Pinkerton case. The deed was voluntarily delivered. The fraudulent recording was the issue. The petition expressly pleaded the fraudulent recording and alleged it was recorded with intent to cheat and defraud the grantor. The gist of the present controversy goes deeper. Here, there was no delivery and consequently nothing passed. We cannot make something out of nothing. Appellants rely upon decisions in which there was delivery.

Here no intent to deliver is shown by act or word. The intent was positively not to deliver. The evidence of an imploring mother was: *"No, Nellie, that is my deed and you are not to have it until my death."* Thereafter the mother made good her constant claim of ownership. She remained in possession, leased the land, paid the taxes and collected the rents for five years after the execution of the deed. The daughter and her husband took the 1934 crop. Promptly upon this assertion of right by the grantee under the deed, the mother commenced this suit on September 26, 1934, to set aside the deed. Clearly she brought her action in time. Being entitled to the exclusive possession, it follows appellee was entitled to the 1934 rents.

The judgment is affirmed.