Ledgerwood v. Gault.

2L 643
14L 641

WM. LEDGERWOOD AND WIFE v. T. M. GAULT et als.

1. DEED. *Want of consideration not presumption of fraud. When.* Where a father gives land to his son upon the condition that he takes care of his mother after the death of the father, it is no evidence of fraud for want of consideration, because the father before his death made ample provision for the mother, nor would the son be relieved of the obligation to support his mother by such subsequent provision by the father.

2. SAME. *Delivery of deed.* Where the circumstances indicate that it was the intention of the parties for the deed to take immediate effect, the delivery will be regarded as complete, though the actual custody remain with the grantor.

---

FROM KNOX.

---

Appeal from the decree of the Chancery Court at Knoxville. O. P. TEMPLE, Ch.

BAXTER & SON, HOUK & GIBSON W. P. WASHBURN and & W. L. LEDGERWOOD for complainants.

A. S. PROSSER for defendants.

MCFARLAND, J., delivered the opinion of the court.

Mrs. Ledgerwood is a daughter of John Gault, deceased, and with her husband brings this bill to set aside a conveyance of a tract of land made by said John Gault to the defendant, his son, Theodore M. Gault, on the 27th of August, 1874, shortly before the death of said John Gault. The grounds of the relief are fraud and undue influence in procuring the execution of the conveyance, and in an amended bill it is alleged that there was no valid delivery of the conveyance in question. The allegations of the origi-

nal bill as to the fraud and undue influence are fully met and denied in the answer.

The proof shows that the grantor, John Gault, was, at the date of the conveyance, from seventy to seventy-five years of age, and in feeble health, and the activity of his mind and will somewhat impaired, and he was, to a considerable extent, under the influence of his wife, Mrs. Patsey Gault, and their son, the said Theodore M. Gault, especially the former, but in the absence of fraud and undue influence he was fully competent to make a valid contract. The proof fails to show that said Theodore M. resorted to any undue means to procure the conveyance, and, in fact, so far as we see from the proof, he was not specially active in the transaction, nor do we think that Mrs. Gault improperly exerted her influence in the matter, or interfered further than it was legitimate for her to do so in view of her relation to the parties and her interest. The deed purports to "give and convey" two hundred acres of land upon condition the said Theodore M. should take care of and provide for the support and maintenance of the said John and Patsey Gault during their lives, and take care of their property and interests, and upon the failure of said T. M. Gault to perform these conditions, the conveyance is to be void. It is argued that as said John Gault had, aside from the lands conveyed, ample means for the support of himself and wife, and died soon after, making, by his will, ample provision for his wife, the said Theodore M. would not in reality be called upon to support them, and there was therefore no real

consideration for the conveyance. The fact that said John Gault and his wife possessed other means of support would not relieve the said Theodore M. from the obligation to furnish them a support as stipulated. Arrangements of this sort between father and son are frequently made, and in the absence of actual fraud and undue influence, and in cases where the condition of the parties and their circumstances indicate that the arrangement was a reasonably prudent and proper one, the law will not raise a presumption of fraud alone upon the ground that the obligations assumed by the son are not a full consideration for the property conveyed, upon the principle that a sale for .a grossly inadequate consideration raises a strong presumption of fraud. Such . transactions partake of the nature of family settlements, and should be ordinarily upheld.

This purports to be a deed of gift from a father to a son, upon certain conditions stipulated, and as it would have been valid without any conditions, it is equally so although it may appear that the performance of the conditions exacted would not be a full value for the property. As to this, however, there is no proof in the present case. The relief upon the first ground was, therefore, properly refused.

Upon the second point it appears that when the paper was executed and witnessed, the said John Gault retained it in his possession, saying, according to one witness, that he would retain it until his death, and it did in fact remain in his possession until his death, a few weeks after.

The instrument, however, is peculiar in form, be-

ginning as follows: "This indenture and contract, this day made and entered into between John Gault, of Knox county, State of Tennessee, of the first part,. and Theodore M. Gault, of said county and State of the second part, witnesseth that the said John Gault by these presents doth give and convey," etc., describing the lands, and specifying the conditions as above stated, upon which the land is conveyed, and stipulating the services to be rendered by the said Theodore M. The intrument was executed by both parties, and duly witnessed, and afterward it was also signed by the said Patsey Gault.

In the case of an ordinary deed of conveyance, the retaining possession of the deed by the grantor would be a strong circumstance against the presumption of a delivery, but even in such a case it would not be conclusive, as "a delivery" does not necessarily consist in the actual manual transfer of the paper from the one party to the other. If the deed be fully executed and witnessed, and nothing further remains to be done by either party as a condition upon which it is to take effect; in other words, if the circumstances all indicate that it was the intention of the parties that the deed was to take immediate effect, then the delivery will be regarded as complete, although the actual custody remain with the grantor. See *Farrar* v. *Bridges,* 5 Hum., 411; *McEwen* v. *Trent,.* 1 Sneed, 186; 4 Kent, 505.

For a stronger reason this doctrine must apply in a case like this, where the instrument is executed by both parties, and evidently not only a conveyance of

the land, but also the obligations of the grantee to perform the services and render the support stipulated as the condition of the conveyance.

In such case there might be good reason for the grantor considering himself to be the proper custodian of the paper as the evidence of the grantee's obligation to him. The circumstances in this case show that the parties intended this contract to take immediate effect, it was acted upon by both parties, the grantor fully recognizing it in his will subsequently executed.

The decree of the Chancellor dismissing the bill will be affirmed with costs.