FILED

01/08/2021

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 16, 2020 Session

## KEVIN ARNOLD ET AL. V. BEATRICE FOWLER

**Appeal from the Chancery Court for Franklin County**
**No. 20408      Melissa T. Blevins-Willis, Chancellor**

### No. M2020-00608-COA-R3-CV

This is an action to set aside a quitclaim deed. The sole issue on appeal is whether the grantor delivered the deed to the grantee with the intention that it be an effective conveyance. After the grantor signed a quitclaim deed transferring title to a 42-acre tract to the grantee, the grantor's mother, the grantee took possession of the deed. Later that day, the deed was placed in a lockbox maintained for the grantee's benefit but co-owned by the grantor and her sister. Approximately three years later, while the deed remained in the lockbox, the grantor died. Shortly thereafter, the mother instructed the surviving daughter to bring the deed to her, which she did, and the mother recorded the deed. Upon learning of the recording of the deed, the grantor's husband and children commenced this action to set aside the deed for failure of delivery arguing the deed remained in the grantor's possession and control from the time she executed it until her death. Following a bench trial, the court found that the grantor delivered the deed to her mother with the intention that it be an effective conveyance and held that the conveyance was valid. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Robert S. Peters, Winchester, Tennessee, for the appellants, Kevin Arnold, Keith Arnold, and Calvin Arnold.

Gregory M. O'Neal, Winchester, Tennessee, for the appellees, Carolyn Mason and Eddie Fowler.

## OPINION

The deed at issue in this appeal was one of six quitclaim deeds that were executed at the offices of Sovereign Title on June 16, 2014, as part of an unorthodox estate plan

orchestrated by Beatrice Fowler, the mother of three adult children, Linda Arnold, Carolyn Mason, and Eddie Fowler.

Prior to June 16, 2014, Mrs. Fowler hired a surveyor to divide a large tract of real property she owned in Franklin County, Tennessee into three separate tracts. She then retained Sovereign Title to draft three deeds pursuant to which she would convey a separate tract to each of her children, and three additional deeds pursuant to which each child would contemporaneously reconvey the same tract to Mrs. Fowler.

The closing occurred at the offices of Sovereign Title on June 16, 2014, at which time Mrs. Fowler executed three quitclaim deeds, each conveying one of the three tracts to each of her children while retaining a life estate in each. Contemporaneously, each child executed a quitclaim deed conveying the same tract back to Mrs. Fowler. The deed at issue in this appeal purportedly conveyed a 42-acre tract from Linda Arnold to Mrs. Fowler.

The three deeds conveying property to the children were promptly recorded; however, none of the deeds conveying the property back to Mrs. Fowler were recorded. Instead, on the afternoon of the closing, Mrs. Fowler and her two daughters took the unrecorded deeds to Regions Bank and stored them in a lockbox co-owned by Mrs. Arnold and Mrs. Mason as joint tenants with right of survivorship but maintained solely for Mrs. Fowler's benefit.

Linda Arnold died in a car accident on April 10, 2017, while all three unrecorded deeds remained in the lockbox.[1] Following Mrs. Arnold's death, Mrs. Fowler instructed her other daughter, Mrs. Mason, to retrieve the Arnold deed from the lockbox, and upon receiving it, Mrs. Fowler recorded the deed. After learning of the recording of the Arnold deed, Linda Arnold's husband, Calvin Arnold, and sons, Keith and Kevin Arnold, ("Plaintiffs") commenced this action in Franklin County Chancery Court against Mrs. Fowler, seeking to set aside the deed from Mrs. Arnold to Mrs. Fowler. Plaintiffs alleged the deed was in a lockbox owned by Linda Arnold at the time of her death, and thus, Mrs. Arnold never delivered the deed to Mrs. Fowler.

Mrs. Fowler timely filed an answer denying Plaintiffs' allegations. She claimed Mrs. Arnold delivered the deed to her at the Sovereign Title office, and shortly following, the deed was stored in a lockbox that Mrs. Arnold and Mrs. Mason acquired for the sole benefit of Mrs. Fowler. Thus, Mrs. Fowler contended she maintained possession and control of the deed from the date Mrs. Arnold executed it.

Mrs. Fowler died on December 9, 2019, and her attorney filed a Suggestion of Death in January 2020. Plaintiffs filed a Motion of Substitution of Parties, which the court

---

[1] Mrs. Arnold died intestate.

granted, substituting the co-executors of the estate, Carolyn Mason and Eddie Fowler, as the defendants.

The case was tried on February 20, 2020. Calvin Arnold and Carolyn Mason were the only witnesses. After reviewing the testimony and other evidence admitted at the trial, the court made the following findings from the bench:[2]

> What the facts show . . . is that on June 16th, 2014, there were a series of deeds that were prepared. Ms. Fowler executed deeds with the apparent intention to give property to each of her children but to retain control over that property in some mechanism, or at least possession during her life by retaining a life estate. But to take it a step further, at the same time these deeds were executed in June, Ms. Fowler for -- I won't say that she directed it, but I'll say . . . the facts are that the children at the same time signed deeds back over to their mom, to Ms. Fowler. And based on the testimony that's not been refuted, those deeds were then given to Ms. Fowler, which under the current State of Tennessee law would constitute delivery. And whether or not she directed the deeds be . . . placed one place or another or whether or not she recorded the deeds are not the issue for the Court today, but it's simply whether or not the deeds were delivered. And so I make a finding that . . . after the deeds were prepared in June of 2014, they were subsequently delivered to Ms. Beatrice Fowler. And so as such, she had title to the property at that point in time to do with as she chose.

Based upon these and other findings of fact and conclusions of law, the court denied Plaintiffs' request to set aside the conveyance.

This appeal followed.

## STANDARD OF REVIEW

"In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." Tenn. R. Civ. P. 52.01. If the trial court makes the required findings of fact, appellate courts review the trial court's factual findings de novo upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. *Kelly v. Kelly*, 445 S.W.3d 685, 692 (Tenn. 2014) (citing Tenn. R. App. P. 13(d)). "For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect." *State ex rel. Flowers v. Tennessee Trucking Ass'n Self Ins. Grp. Trust*, 209 S.W.3d 595, 599 (Tenn.

---

[2] The written order entered on March 23, 2020, incorporated the court's oral ruling immediately following the trial.

Ct. App. 2006). Our review of a trial court's determinations on issues of law is de novo, without any presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011).

## ANALYSIS

The sole issue on appeal is whether the quitclaim deed from Mrs. Arnold to Mrs. Fowler was delivered with the intention of the grantor that it would become effective as a conveyance.

In Tennessee, "delivery of a deed from a grantor to a grantee is essential to pass title to the grantee." *Estate of Atkinson v. Allied Fence & Imp. Co.*, 746 S.W.2d 709, 712 (Tenn. Ct. App. 1987). "To be effective, the delivery must deprive the grantor of power to recall the deed, and delivery is complete only where the grantor has put the deed beyond his power to revoke or reclaim it." *Id.* In order to effectuate delivery, a grantor can manually deliver the deed to the grantee, but manual delivery is not necessary. *Ledgerwood v. Gault*, 70 Tenn. 643, 646, 1879 WL 3767, at *2 (1879). Rather, "[d]elivery is a matter of intention, and intention is the test." *Couch v. Hoover*, 79 S.W.2d 807, 812 (Tenn. Ct. App. 1934).

Carolyn Mason testified that, on June 13, 2014, she and Mrs. Arnold acquired a lockbox as joint tenants with right of survivorship at Regions Bank for the sole purpose of storing Mrs. Fowler's documents.[3] Three days later, on June 16, 2014, Mrs. Mason, Linda Arnold, Eddie Fowler, and Beatrice Fowler met at Sovereign Title in order to conduct several real estate transactions. Previous to that meeting and with the assistance of a surveyor, Mrs. Fowler divided a single tract of real property into three tracts, intended for each of her three children. At the Sovereign Title office, with a Sovereign Title employee as a witness, Mrs. Fowler conveyed each of the three properties to each of her three children but retained a life estate in all three tracts. Immediately following, the children quitclaimed the properties back to their mother. Significantly, Mrs. Mason testified:

> Mother took the three deeds that we signed back to her. *She had possession of those three deeds*. And we each individually took our – our deeds that Mother gave where she gave the land to us as a life estate. They were given to each one of us.

(Emphasis added).

---

[3] Because Mrs. Arnold had a checking account at Regions, Regions agreed to charge them $24 per year, rather than the typical rate of $64 per year. Mrs. Mason testified that Regions withdrew the $24 from Mrs. Arnold's checking account on a yearly basis, and every other year, Mrs. Mason gave Mrs. Arnold $24 in cash for her share. Mrs. Mason testified that she, Mrs. Arnold, and Mrs. Fowler owned a second lockbox at Regions, acquired in October 2011, where they also stored Mrs. Fowler's documents.

Mrs. Mason testified that, after leaving Sovereign Title, she, Mrs. Arnold and Mrs. Fowler went directly to Regions Bank and placed Mrs. Fowler's deeds in the lockbox owned by Mrs. Mason and Mrs. Arnold. She testified that, although she and Mrs. Arnold owned the lockbox, Mrs. Fowler could access the deeds and do whatever she wished with them.

Mrs. Mason testified that, after Mrs. Arnold died in 2017, she retrieved the deed to the 42-acre tract at Mrs. Fowler's request, and Mrs. Fowler recorded the deed.[4] Thereafter, Mrs. Fowler conveyed the property to Eddie Fowler.

Linda Arnold's husband, Calvin Mitchell Arnold, testified he was not present at Sovereign Title on June 16, 2014, and he knew very little about the transaction involving his wife and Mrs. Fowler. However, he testified that he knew about the lockbox owned by Mrs. Arnold and Mrs. Mason because Regions took the payment for the lockbox out of his and Mrs. Arnold's joint bank account. He testified that his wife told him she stored Mrs. Fowler's documents in the Regions lockbox, and he conceded Mrs. Arnold never indicated to him that anyone other than Mrs. Fowler had control of the documents in the lockbox.[5] Mr. Arnold also testified that he and his wife had a safe at home where they kept their important documents.

As previously stated, manual delivery of a deed, though not necessary, is one way to effectively transfer title. *See Ledgerwood*, 70 Tenn. at 646. Here, it is undisputed that Mrs. Fowler took physical possession of the deed at issue immediately following the closing at the Sovereign Title office, and she left with the deed in her possession. Thus, the deed was manually delivered to Mrs. Fowler. Moreover, the fact that each of her three children executed a deed to reconvey the properties to their mother evidences their intent to convey title so their mother would have control of the property. *See Couch*, 79 S.W.2d

---

[4] Because Mrs. Arnold and Mrs. Mason owned the lockbox as joint tenants with right of survivorship, upon Mrs. Arnold's death, her interest in the lockbox passed to Mrs. Mason by operation of law. *See Bryant v. Bryant*, 522 S.W.3d 392, 400 (Tenn. 2017).

[5] Specifically, Mr. Arnold testified as follows:

Q. Did she tell you the purpose of that -- of opening up this second lockbox?
A. Absolutely.
Q. And it was for what?
A. She opened it up so that if Beatrice had any idea of making any changes they would have an opportunity to talk with her about it prior to doing it. That was the purpose of the box.
Q. In other words, to keep her from changing her mind?
A. Not necessarily, no. *She could change her mind*, but they could -- they would have an opportunity to talk with her about it.

(Emphasis added).

at 812 ("Delivery is a matter of intention, and intention is the test."). The fact that the deeds were placed in a lockbox co-owned by Linda Arnold does not negate this intent because it is undisputed that the lockbox was maintained for the sole benefit of Mrs. Fowler, and Mrs. Fowler controlled the use of its contents.

For the foregoing reasons, we find that the evidence does not preponderate against the trial court's determination that Mrs. Arnold delivered the deed to Mrs. Fowler at the closing with the intent to transfer title. Accordingly, we affirm the trial court's decision.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Kevin Arnold, Keith Arnold, and Calvin Arnold, jointly and severally.

_____
FRANK G. CLEMENT JR., P.J., M.S.